Haywood, J.
delivered the opinion of the Court.
Cheatham sued out his' attachment against Trotter on the 27th of October, 1821; returned levied in the hands of William C. Conrad, garnishee, the 29th of October, 1821. At November term the same year, the plaintiff filed his declaration, and the garnishee was examined on oath, who Stated that he had no effects of Trotter’s in his hands, nor did he know of any person who had, and moved the Court to be discharged.
Then follows on the record an entry that all proceedings against defendant and garnishee be stayed for- six months.
June term, 1822, judgment by default, and final, when the garnishee is again called and examined on interrogatories, and says “ that on the 11th of August, 1818, James Trotter, the defendant, made a transfer to him of a right of a legacy in Virginia, on which he has received about $ 1,100; that suit had been instituted for the recovery of the legacy, and that the transfer to him was an absolute and unconditional sale of his, Trotter’s, right to the legacy,” and produced the contract in writing to that effect, though the consideration expressed was $ 2,000.
At the time of the contract it was not known to him what he was to receive, and thought it doubtful if he would get anything; but Trotter was in his debt and he thought this the only possible mode of getting what was due him, but when the contract was made, had Trotter been able to pay, he would never have thought of giving him anything like the sum he did give. Thinking the debt desperate, he thought this the only means, and allowed Trotter $365 for this claim, and gave credit for that sum.
That he owes Trotter nothing, nor did he owe him anything at the time of the garnishment.
That in January Trotter sold him a small piece of land in Alabama, for which he paid $ 100 at the time of the sale and purchase, except a note of hand for $ 34.62^, which he, Trotter, wanted for Henry Minor, or to pay a small debt in Alabama.
That he had kept Trotter’s children for some time, and still keeps them for Trotter. That was mentioned at the time of the contract, but formed no material part of it, for he would have kept them had he not purchased the legacy at the time; they were large enough to have earned their board and clothes. It was not understood at the time of the contract that he, the *159 garnishee, was to act as the agent of Trotter or for the benefit of his creditors.
Upon this disclosure by the garnishee the Court gave judgment that the plaintiif recover of the said William C. Conrad, garnishee, the amount of judgment, interest, and cost, against Trotter.
Appeal to the Circuit Court, and on reading the record in that Court, the plaintiff offered to prove the said Conrad had stated, prior to his garnishment, that, by the contract with Trotter, he was bound to pay this debt, which was objected to, and the objection sustained. The Circuit Court gave judgment against the garnishee. From which judgment this writ of error is brought.
On the above facts of this case Judge Haywood delivered the opinion of the Court, consisting, with himself, of Judges BROWN and Peck.
The contiguity of this State to others in its vicinity has rendered attachment laws requisite; of necessity they are frequently resorted to ; the practice upon them should be uniform, and in order to be so should be settled upon established principles.
Attachment is a process to bring the defendant into court where he cannot be served personally. If it be levied on property in specie or on sums of money due to the defendant from his debtors, by actual seizure of property, he is brought into court and may have judgment against him if he will not replevy and plead. So, likewise, if it be ascertained on the examination of his debtor that the latter owes him ; but by means of a garnishee he is not to be proceeded against until the indebtedness of the latter be either expressly admitted by his examination put upon record, or by the admission of facts upon which the Court adjudge that he really is a debtor and to what amount, if below the debt claimed by the plaintiff; judgment entered against the defendant, without the ascertained existence of these prerequisites, is a judgment against one not before the Court, and for that reason is void.
The Court, however, will, in support of a judgment, arrange the proceedings of a term so as to make by transposition those things done in the term to precede others which they ought to precede unless the dates shall make the arrangement impossible.
■The oath taken by a plaintiff to obtain the attachment cannot be contradicted for the purpose of defeating it, because the law has not given a traverse to the defendant, nor when the garnishee has been sworn can his oath be denied by the plaintiff for the same reason. The Legislature has power to alter it, but has never yet done so. Like the case of an answer to a bill for discovery, whatever the garnishee says shall be taken for true in the action. Nor can the garnishee insist on matter which, by plea, would be good in abatement. That must come from the defendant in person, or in his name by an attorney or agent, as the act of Assembly requires.
*160 With these rules in view, we proceed to the discussion of the remaining points.
When a garnishee appears and is sworn, he is entitled to his discharge from further attendance if no judgment can be rendered against him. To ask for s.uch discharge is to ask for no more than the judgment of the Court in his favor. It cannot be inferred from this demand of his that he meant an abatement of the suit, as has been argued at the bar. When he claimed his final discharge, how can it be supposed he would be content to obtain a temporary one such as abatement for irregular service. This could neither be his object nor his right, as it belonged, not to him, but to the defendant. The arguments upon this topic may be all laid aside, as having nothing to do with the determination of the cause.
We come next tó the first garnishment, and its competency to be the foundation of a judgment.
He admits no debt due from himself to Trotter, but, on the contrary, denies it.
The plaintiff afterwards proceeds by new interrogatories to elicit statements more favorable to his purpose, upon which, after judgment against the defendant, the plaintiff takes judgment against the garnishee ; both are of the same term, and may be transposed in support of the judgment if the garnishment of itself be sufficient to sustain the judgment pronounced, but it is unequal to that end.
The assignment of the legacy in Virginia was contingent and doubtful, required attention and expense ; it would not have been taken in satisfaction but for the unpromising prospect of getting anything; he had also for some time supported the children of the defendant. Taking into one view the latter circumstance, the sum he actually gave, the uncertain interest which he purchased, the great trouble and expense unavoidably to be incurred in oftentimes going to Virginia and back, and endeavoring to obtain possession of the legacy, the Court cannot say that fraud intervened in the transaction, and that therefore the transfer made to him by the defendant was void.
The judgment against the garnishee ought to be reversed and the garnishee discharged from his garnishment.