**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Louis H. MITCHELL, Betty K. Mitchell, Mayer D. Mitchell, Morton E. Mitchell, Frances Joan Cummins, John Hancock Mutual Life Insurance Company, Prudential Life Insurance Company of America, Travelers Insurance Company, New England Life Insurance Company of Boston, Defendants.**

**Civ. A. No. 2228.**

United States District Court
S. D. Alabama, S. D.

Oct. 30, 1962.

As Amended Nov. 15, 1962.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., Robert Bruce, Atty., Dept. of Justice, Washington, D. C., for plaintiff.

Mayer W. Perloff, Mobile, Ala., for Mitchells.

J. Edward Thornton, Thornton & McGowin, Mobile, Ala., for Prudential Life Ins. Co. of America.

Alex T. Howard, Jr., and R. F. Adams, of McCorvey, Turner, Johnstone, Adams & May, Mobile, Ala., for Travelers Ins. Co., New England Life Ins. Co. of Boston and John Hancock Mut. Life Ins. Co.

DANIEL HOLCOMBE THOMAS, District Judge.

This cause coming on for trial, and upon the evidence submitted, the stipulations and agreements entered into by and between the United States and the individual defendants and by and between the United States and the respective life insurance company defendants, and after argument of counsel, the same having been considered by the Court, the Court now makes its Findings of Fact and Conclusions of Law, as follows:

## FINDINGS OF FACT

1. This is a civil action brought by the United States of America for the collection of Internal Revenue from Louis H. Mitchell and the other individual defendants and for the enforcement of tax liens asserted against the Travelers Insurance Company, the John Hancock Mutual Life Insurance Company, the Prudential Life Insurance Company of America and the New England Mutual Life Insurance Company, to secure the payment of such revenue.

2. On or about August 30, 1949, the Commissioner of Internal Revenue made assessments against Louis H. Mitchell for tax deficiencies for the years 1943 through 1946. The assessments were made pursuant to a determination by the

Commissioner that Louis H. Mitchell had filed false and fraudulent returns for the taxable years 1942 through 1946, and were in the following amounts:

## UNPAID ASSESSMENTS AGAINST LOUIS H. MITCHELL INDIVIDUALLY

| Taxable Period | Amount Assessed | | Amount Outstanding |
|---|---|---|---|
| 1943 | Tax | $ 12,629.00 | |
| | Interest | 4,135.56 | |
| | Penalty | 7,450.33 | $24,214.89 |
| 1944 | Tax | 63,061.81 | |
| | Interest | 16,866.87 | |
| | Penalty | 31,530.91 | 111,459.59 |
| 1945 | Tax | 197,956.61 | |
| | Interest | 41,069.22 | |
| | Penalty | 98,978.31 | 338,004.14 |
| 1946 | Tax | 70,161.63 | |
| | Interest | 10,346.43 | |
| | Penalty | 35,080.82 | 115,588.88 |

The correctness of such assessments was challenged by Louis H. Mitchell in a petition filed with the Tax Court. Subsequently, however, Mitchell agreed to the liabilities in the amounts assessed by the Commissioner. On March 23, 1951, the Tax Court entered its decision, pursuant to the stipulation, wherein the deficiencies as originally determined were sustained. The Tax Court decision is before this Court as an exhibit to a stipulation between the United States and the individual defendants. Mitchell took no appeal from the Tax Court decision, which is now final and in full force and effect.

3. The Commissioner made additional assessments against Louis H. Mitchell for 1947 and for 1951 through 1953. The assessments were made for additional taxes for the years involved. The assessment for 1947 was made on October 24, 1952, the assessment for 1951 was made on July 11, 1952, the assessment for 1952 was made on June 16, 1953, and the assessment for 1953 was made on April 19, 1954. Such assessments were in the following amounts:

## ADDITIONAL UNPAID ASSESSMENTS AGAINST LOUIS H. MITCHELL INDIVIDUALLY

| Taxable Period | Amount Assessed | | Amount Outstanding |
|---|---|---|---|
| 1947 | Tax | $57,933.84 | |
| | Interest | 17,794.12 | $74,740.77 |
| 1951 | Tax | 1,243.63 | |
| | Interest | 15.71 | 1,259.34 |
| 1952 | Tax | 2,016.56 | |
| | Interest | 27.12 | 2,043.68 |
| 1953 | Tax | 658.00 | 658.00 |

4. The Commissioner of Internal Revenue made an assessment against Louis H. and Betty K. Mitchell, jointly and severally for additional income taxes for the year 1948 on January 28, 1954, in the amount of $10,277.23.

5. Notice and demand was duly made on the taxpayers for the taxes, but the taxpayers have failed and neglected to pay the amounts assessed against them.

6. In connection with the above described assessments, the taxpayers filed offers in compromise of their outstanding tax liability. The offers were submitted on April 29, 1954, and were withdrawn by letter dated March 13, 1958, being on file for three years, ten months and twelve days.

7. Louis H. Mitchell had taken out four policies of life insurance. The policies were issued on the life of Louis H. Mitchell by the Travelers Insurance Company, John Hancock Mutual Life Insurance Company, the Prudential Insurance Company of America and the New England Mutual Life Insurance Company. On or about September 1, 1949, notices of levy were served upon each of these companies.

8. The Travelers Insurance Company issued its life insurance policy No. 1840704 on the life of Louis H. Mitchell on November 7, 1934, in the face amount of $13,630. On October 3, 1949, shortly after the receipt by The Travelers of the notice of tax lien, the cash surrender value of its policy was $1,043.10. Such policy lapsed for non-payment of the premium which fell due on May 7, 1952, and the cash surrender value of such policy on that date was $1,205.16. Subsequent to May 7, 1952, and in accordance with the automatic provisions of such policy, The Travelers furnished Mitchell with extended term insurance in the face amount of $13,630 until May 17, 1959, the date on which the cash surrender value of such policy was reduced to zero. Such policy terminated on May 17, 1959, due to the fact that the cash surrender value of such policy as of May 7, 1952, in the amount of $1,205.16 had by May 17, 1959,

been used up in the funding of such extended term insurance.

9. The John Hancock Mutual Life Insurance Company issued its Policy No. 3203980 on the life of Louis H. Mitchell on May 23, 1939, in the face amount of $7,500. Such policy as of October 3, 1949, the time of the notice of the tax lien, had a cash surrender value of $428.-10. Such policy lapsed for default in payment of the premium due on August 23, 1957. Subsequent to such default such policy was continued as extended term insurance in accordance with the automatic provision of such policy and such policy had a cash surrender value of $425.78 in August, 1959. The cash surrender value of such policy has been constantly decreasing and became zero on June 26, 1962.

10. On June 25, 1928, The Prudential Insurance Company of America issued a life insurance policy in the face amount of $5,000.00 on the life of Louis Mitchell, payable to Betty Mitchell, Beneficiary, wife of Louis Mitchell, if living, otherwise in equal shares to the living children of insured. Betty Mitchell is still living.

On September 15, 1943, Louis Mitchell exercised the Loan Provisions under said policy as follows:

| Cash surrender value on | |
|---|---|
| that date | $1,098.75 |
| Maximum loan value | 1,093.00 |
| Loan made on that date | 1,093.00 |

No interest or principal was ever paid by insured on this loan.

On the 1st day of September, 1949, there was served on Prudential a Notice of Levy on Treasury Department Form 668–A, reciting that there was then due these United States of America from Louis H. (Champ) Mitchell $598,681.54, and further notifying Prudential "that all property rights to property, moneys, credits, and/or bank deposits now in your possession and belonging to the aforesaid Louis H. (Champ) Mitchell and all sums of money owing from you to the said Louis H. (Champ) Mitchell are hereby seized and levied upon for the payment of

the aforesaid tax," and demand was made upon Prudential for this amount or such lesser sum it might be indebted to Mitchell. Another Notice of Levy in the same form was served on Prudential on September 16, 1949, except the recited indebtedness in the second notice of Mitchell to these United States was $600,256.07.

On the 1st day of September, 1949, the condition of the loan and policy was:

| | |
|---|---|
| Loan, principal | $1,093.00 |
| Accrued interest | 460.23 |
| | $1,553.23 |
| Gross cash surrender value | $1,723.75 |
| Less loan | 1,553.23 |
| | $ 170.52 |

The premiums on this policy were paid until September 25, 1955. The premium due on that date was not paid nor has any payment been made since then for premiums on this policy. On that date, the condition of the loan and policy was:

| | |
|---|---|
| Loan, principal | $1,093.00 |
| Accrued interest | 1,110.31 |
| | $2,203.31 |
| Gross cash surrender value | $2,486.25 |
| Less loan | 2,203.31 |
| Net cash surrender value | $ 282.94 |

The policy was never surrendered to Prudential for a paid-up life policy or for cash surrender value, and insured took no action with respect to the policy at the time of its lapse or thereafter. Thereupon, on September 25, 1955, Prudential put the policy on Automatic Extended Insurance, and the net cash surrender value put in effect on that date such Automatic Extended Insurance in the face amount of $2,796.69, which, under constantly descending values, expired on October 25, 1961.

11. The New England Mutual Life Insurance Company issued its life insurance policy No. 1070348 to Louis H. Mitchell on February 1, 1940, in the face amount of $10,000.00. As of the date New England Mutual Life Insurance Company received notice of the tax lien in September of 1949, the inventory value of such policy was $2,768.53 consisting of the cash surrender value in the amount of $7,968.30 plus accumulated dividends of $633.56, less an outstanding policy loan of $5,668.02 plus interest on such loan in the amount of $165.31. Such policy lapsed for non-payment of the premium which fell due on November 1, 1951, and was continued in force as paid up insurance under the automatic provisions of said policy. Such policy matured on February 1, 1959, with a maturity value of $4,859.97.

12. The Travelers Insurance Company's policy contained the following provisions:

"Non-Forfeitable Privileges

"If any premium shall not be paid on or before the date when due, and if there shall be no indebtedness to the company, the insurance will automatically continue from said due date as term insurance during the term, including the period of grace, specified in Column 3 of the accompanying table and at the expiration thereof this contract shall be null and void. In lieu of such term insurance, upon written request made by the Insured within three months from said due date the Company will, as the Insured may elect, indorse the contract for the amount of paid-up insurance, if any, specified in Column 2 (and payable at death prior to the expectancy date stated on the first page hereof), or upon surrender thereof pay the cash value, if any, specified in column 1.

"If there shall be an indebtedness to the Company, and if any premium shall not be paid on or before the date when due, an amount of insurance, equal to the face amount of this contract less the indebtedness, will automatically continue from said due date as term insurance, for the term, including the period of grace,

which the excess of the cash value of the contract, if any, over the indebtedness will purchase at the then age of the Insured, at the single premium rates according to the American Experience Table of Mortality, with 3½ per centum interest and at the expiration thereof this contract shall be null and void."

13. None of said insurance policies were ever surrendered to the respective life insurance companies by Louis H. Mitchell or by anyone else nor has any request ever been made to such life insurance companies for the exercise of any option to take the cash surrender value of such insurance policies. Also, none of such insurance companies took any action with regard to such insurance policies subsequent to the receipt of notice of levy against Louis H. Mitchell.

14. The defendants Morton E. Mitchell, Frances Joan Cummins, and Mayer D. Mitchell, have no interest in the life insurance policies here involved.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and of the subject matter of this cause.

2. This action to enforce the collection of Federal Income Taxes is not barred by any limitations as to time relating to suits for the enforcement of the payment of such taxes.

3. The United States is entitled to a judgment against Louis H. Mitchell in the amount of $667,959.29 plus interest as provided by law.

4. The United States is entitled to a judgment against Louis H. Mitchell and his wife, Betty K. Mitchell in the amount of $10,277.23 plus interest as provided by law.

■ 5. The United States could not rewrite the policies of the defendant insurance companies by giving notice of a tax lien to such companies. See United States v. Penn Mutual Life Insurance Company, 3 Cir., 130 F.2d 495, 142 A.L.R. 888, and United States v. Sullivan and Kann, D.C.W.D.Pa.1962, 203 F.Supp. 1.

■ 6. Prior to the proceedings in this case, the United States had no right to exercise any of the rights of Mitchell under the four insurance policies and it was the duty of the insurance companies to make use of the cash surrender value of such policies in accordance with the non-forfeiture and premium loan provisions of such policies, even after actual notice of the Government's lien. See United States v. Penn Mutual Life Insurance Company, 3 Cir., 130 F.2d 495, 142 A.L.R. 888 and United States v. Sullivan and Kann, D.C.W.D.Pa.1962, 203 F.Supp. 1.

■ 7. The United States is entitled to be paid the net cash surrender value or maturity value of each life insurance policy, if any, existing as of the date of the surrender of each respective policy. See United States v. Penn Mutual Life Insurance Company, 3 Cir., 130 F.2d 495, 142 A.L.R. 888, and United States v. Sullivan and Kann, D.C.W.D.Pa.1962, 203 F.Supp. 1.

8. Since the policies of The Travelers Insurance Company, John Hancock Mutual Insurance Company and The Prudential Insurance Company of America presently have no cash surrender value whatever, the United States is entitled to nothing from those defendants, but the United States is entitled to the maturity value of the policy of the New England Mutual Life Insurance Company as of the date of the surrender of that policy.

9. Upon payment of the maturity value of the policy of the New England Mutual Life Insurance Company 30 days from this date, such insurance company will be discharged from any further obligation under such policy to the United States, to the holder of such policy, to the beneficiaries thereof and to the assignees or owners of such policy.

■ 10. The "property and rights to property" belonging to Louis H. Mitchell in the insurance policies on which the levy was attempted, was conditioned upon the policies being legally surrendered by Louis H. Mitchell, which event never occurred.

11. The plaintiff herein has no legally enforceable rights against The Prudential Insurance Company of America in this cause.