UNITED STATES of America,
Plaintiff,

v.

Lowell M. BIRRELL, Merrie V. Birrell, Peter Birrell, Charlotte Birrell, Lowell Birrell, Jr., and Home Life Insurance Company, Defendants.

United States District Court
S. D. New York.
July 31, 1964.

Robert M. Morgenthau, U. S. Atty. Southern District of New York, New York City, Arthur M. Handler, Asst. U. S. Atty., of counsel, for plaintiff.

Max Edelman, New York City, guardian ad litem.

Townley, Updike, Carter & Rodgers, New York City, James W. Rodgers, New York City, of counsel, for Home Life Ins. Co.

TENNEY, District Judge.

Plaintiff moves herein for summary judgment with costs against defendants Home Life Insurance Company and Max Edelman, as Guardian ad litem of Lowell M. Birrell, Jr., pursuant to Rule 56 of the Federal Rules of Civil Procedure and for an order directing entry of default judgment for plaintiff against defendants Lowell M. Birrell, Merrie V. Birrell, Peter Birrell and Charlotte Birrell, pursuant

to Rule 55 of the Federal Rules of Civil Procedure.

This is an action, pursuant to Int.Rev. Code of 1954, § 7403, for foreclosure of plaintiff's tax liens against certain life insurance policies issued to defendant Lowell M. Birrell (hereinafter referred to as "Birrell") by defendant Home Life Insurance Company. The other defendants are beneficiaries named under said policies. Merrie V. Birrell is the primary beneficiary and Peter, Charlotte and Lowell M. Birrell, Jr., are contingent beneficiaries thereunder. The latter defendant being an infant, a guardian ad litem was appointed by this Court on January 27, 1964.

On September 29, 1959, the original summons and complaint were served on defendant Home Life Insurance Company (hereinafter referred to as "Insurance Company"). Thereafter, an amended complaint was served on defendant Insurance Company on July 3, 1962.

Pursuant to order of this Court, substituted service of the complaint and amended complaint was accomplished upon defendant Birrell in Rio de Janeiro, Brazil, by the Vice Consul of the United States on May 11, 1961 and October 13, 1963, respectively. Service by publication on the other defendants, pursuant to order of this Court, was effected and proof thereof filed herein on June 27, 1962. The time of defendants Lowell M. Birrell, Merrie V. Birrell, Charlotte Birrell and Peter Birrell to move or answer has elapsed and no answer or motion has been interposed by them nor appearance made, and their default was duly entered herein by the Clerk of this Court on April 22, 1964. The defendant Birrell is apparently still living and has returned to this jurisdiction. The guardian ad litem for the infant Lowell M. Birrell, Jr., has filed an affidavit herein conceding that plaintiff's lien on the cash surrender value of the policies is paramount to the contingent rights of the said infant.

Two of the policies involved herein, Nos. 473,559 and 473,632 (hereinafter referred to as "559" and "632"), were life insurance policies taken out by the insured, Birrell, in 1940. The third, No. 614,045 (hereinafter referred to as "045"), was a "personal income at age 65 plan", transferred to the insured, Birrell, in 1958 by the trustee of an employees' pension trust.

Birrell is indebted to plaintiff in the sum of $5,697.38 and in the sum of $49,656.25, plus interest, by virtue of two assessments for income taxes dated December 31, 1948, and January 23, 1956, respectively. Notices of said assessments and demands for payment thereof were made upon Birrell, but no payments have been made thereon.

On September 22, 1959, a notice of levy and final demand were served by the District Director of Internal Revenue upon defendant Insurance Company which issued the three insurance policies above referred to. The cash surrender value on July 1, 1959, of the two life insurance policies, "559" and "632", was $3,773.45 each, and as to the "personal income at age 65 plan," policy "045", the approximate cash surrender value was $2,000.—or a total of $9,546.90.

Premiums were not paid on the first two policies, "559" and "632", in March 1959, causing the said policies to lapse. According to the terms of the policies, the remaining cash value was used to continue insurance protection under extended term insurance non-forfeiture provisions, which provide for life insurance in the face amounts of $21,440. and $21,441., respectively, for a period of ten years and eight months from May 1959. The cash value of these policies has gradually been diminishing as it is being used up to provide the aforesaid insurance protection.

The premium due in June 1958 on the third policy, "045", was not paid, and the policy lapsed. The equity remaining at that time was $2,028.90. By the terms of this policy, the cash value purchased reduced paid-up endowment at age 65. The cash value of this policy has been increasing and will continue to increase with the passage of time.

The total cash surrender value of the three policies was $9,547. on July 1, 1959,

and on May 1, 1964 was somewhat less than $7,873. and will continue to diminish so long as the insurance coverage remains in effect.

Defendant Insurance Company does not dispute the right of plaintiff to recover the cash surrender values of Birrell's policies. The sole issue between the parties herein is whether the property of the insured, i. e., the cash surrender values, can be recovered by means of a levy pursuant to Int.Rev.Code of 1954, § 6331, and, consequently, whether the Insurance Company must pay over to plaintiff the amount of the cash surrender values as of the date of service of the levy pursuant to Int.Rev.Code of 1954, § 6332, to wit, September 22, 1959.

Plaintiff places great reliance on the case of United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958). I do not believe that Bess is determinative of the issue in this case. The holding there was that a tax lien could be enforced against the proceeds of a policy to the extent of its cash surrender value, even though insured had died and the proceeds of the policy were payable to named beneficiaries. It is interesting to note, however, as appears from the decision in the Court of Appeals (243 F.2d 675, 676 (3d Cir. 1957)), that the cash surrender value was determined as of the date of the insured's death, not as of the dates, some two years prior thereto, when the liens were perfected by notice and demand pursuant to Section 3670 of the Internal Revenue Code of 1939 (presently Int.Rev. Code of 1954, § 6321).

The holding that the insured, Mr. Bess, had "property or rights to property" within the meaning of Section 3670 in the cash surrender value of the policies during his lifetime was not a novel one. Nor did it affect the authority of United States v. Penn Mut. Life Ins. Co., 130 F.2d 495, 142 A.L.R. 888 (3d Cir. 1942), as claimed by plaintiff. What are "property or rights to property" within the meaning of Section 3670 (Int.Rev.Code of 1954, § 6321) are not necessarily so within the meaning of Section 3710 (Int. Rev.Code of 1954, § 6332). Unites States

v. Massachusetts Mut. Life Ins. Co., 127 F.2d 880 (1st Cir. 1942). What the insured possesses during his lifetime is different from what the insurer possesses. United States v. Metropolitan Life Ins. Co., 130 F.2d 149 (2d Cir. 1942); United States v. Penn Mut. Life Ins. Co., 130 F.2d 495, 142 A.L.R. 888 (3d Cir. 1942). In Bess, the Court was dealing with the property of the insured which the insured possessed and to which a lien attached under Section 3670 (Int.Rev. Code of 1954, § 6321). The question of what property, if any, the insured possessed and which was "subject to levy" under Section 3710 (Int.Rev.Code of 1954, § 6332) was not alluded to. Furthermore, although the District Court, in United States v. Brody, 213 F. Supp. 905 (D.Mass.1963), aff'd sub nom., Equitable Life Assurance Soc'y of United States v. United States, 331 F.2d 29 (1st Cir. 1964), referred to United States v. Massachusetts Mut. Life Ins. Co., supra, and United States v. Penn Mut. Life Ins. Co., supra, as "discredited" by Bess, 213 F.Supp. at 908, the Court of Appeals, while affirming the judgment of the district court, went out of its way to reaffirm the Massachusetts Mutual decision, 331 F.2d at 34–37. With a single exception, i. e., United States v. Salerno, 222 F.Supp. 664 (D.Nev.1963), the courts have refused to permit a summary levy proceeding under Section 6332 where the property to be levied on is an insurance policy, the proceeds of which are not yet payable. See, e. g., United States v. Wilson, 333 F.2d 137 (3d Cir. 1964); United States v. Sullivan, 333 F.2d 100 (3d Cir., 1964); Equitable Life Assurance Soc'y of United States v. United States, 331 F. 2d 29 (1st Cir. 1964); United States v. Penn Mut. Life Ins. Co., 130 F.2d 495, 142 A.L.R. 888 (3d Cir. 1942); United States v. Massachusetts Mut. Life Ins. Co., 127 F.2d 880 (1st Cir. 1942); United States v. Mitchell, 210 F.Supp. 810 (S.D.Ala.1962); United States v. Bosk, 180 F.Supp. 869 (S.D.Fla.1960). The correct procedure is under Section 7403, the procedure adopted in the case at bar, United States v. Metropolitan Life Ins.

**924**

Co., 256 F.2d 17, 23 (4th Cir. 1958). However, for the reasons hereinbefore set forth, the relief available under Section 6332 may not be granted herein.

Plaintiff's motion for summary judgment and for entry of default judgment is granted. Defendant Insurance Company is directed to pay over to plaintiff the cash surrender value of the said policies determined as of the date of the judgment to be entered herein without costs.

Settle order on notice.