EMMA GLADYS MARGRAVE AND WILTON MARGRAVE, APPELLANTS, v. FLORINE I. CRAIG, RESPONDENT.

No. 8300

December 30, 1976                    558 P.2d 623

*Robinson & Cassas,* Reno, for Appellants.

*Stewart & Horton, Ltd.,* Reno, for Respondent.

## OPINION

*Per Curiam:*

In December, 1974, the district court awarded respondent

---

a garnishment judgment against appellants pursuant to an October, 1967, garnishment order. This Court previously considered the propriety of the 1967 garnishment order in Craig v. Margrave, 84 Nev. 638, 446 P.2d 653 (1968). Appellants here contend that, because no garnishable debt existed in 1967, no garnishment order could be given, and thus, the judgment based on the 1967 order is invalid. We agree.

At the time of garnishment, the garnishee's obligation to the defendant must be fixed, definite, and absolute. See: Weir v. Galbraith, 376 P.2d 396 (Ariz. 1962). An obligation which is uncertain or contingent, in the sense that it might never become due and payable, is not subject to garnishment. Reinhart v. Hardesty, 17 Nev. 141, 30 P. 694 (1882); see also Washburn v. Andrew, 496 P.2d 1367 (Kan. 1972); American Nat. Ins. Co. v. United States Fidelity & G. Co., 215 So.2d 245 (Miss. 1968); Dawson v. Bank of America Nat. Trust & Sav. Ass'n, 223 P.2d 280 (Cal.App. 1950). We determined in Craig v. Margrave, cited above, that the very obligation here involved was contingent and might never become due. Thus, since no garnishable obligation existed in 1967, no order could then issue directing garnishment, and the subsequent 1974 judgment rendered pursuant to that order is invalid.

Reversed.