Frances Henson OVERMAN, Petitioner,

v.

Ralph T. OVERMAN, Sr., and Teachers Insurance and Annuity Association of America and its companion, College Retirement Equities Fund, Respondents.

Supreme Court of Tennessee.

Aug. 14, 1978.

Frances Henson Overman, pro se.

Foster D. Arnett, F. Michael Fitzpatrick, Arnett, Draper & Hagood, Knoxville, for respondents.

## OPINION

COOPER, Justice.

The dispositive question in this case is whether the petitioner, Frances Overman, may garnish certain rights possessed by Ralph T. Overman in two annuity agreements. The chancellor and the Court of Appeals both held that she could not. We affirm.

Mrs. Overman has reduced to judgment a claim against her former husband, Ralph T. Overman, for unpaid alimony. In an attempt to satisfy that judgment, the petitioner caused writs of garnishment to issue against the respondents, Teachers Insurance and Annuity Association of America and College Retirement Equities Fund, each of which had issued an annuity policy to Mr. Overman. In so far as is material to this case, the policies provide for a maturity date, September 1, 1984, which can be advanced at Mr. Overman's option, and a death benefit payable to designated beneficiaries should Mr. Overman die before the maturity date. At present, the primary beneficiary for the purposes of this latter provision on each policy is Mr. Overman's second wife. On motion of the respondents, the chancellor quashed the writ of garnishment. On appeal, the Court of Appeals affirmed, holding that, under the provisions of T.C.A. § 56–1110, the policies were exempt from the petitioner's claims.

We agree with the results reached by the Court of Appeals, not only because we concur with their finding that T.C.A. § 56–1110 exempts the annuity contracts at issue from garnishment, but also because we find that the respondents possess no property of Mr. Overman subject to garnishment.

■ Addressing the latter issue first, we note that the statute that sets forth the nature of the property and claims that are subject to garnishment, T.C.A. § 26–505, provides as follows:

> All property, debts, and effects of the defendant in the possession of the garnishee, or under his control, shall be liable to satisfy the plaintiff's judgment, from the service of the notice, or from the time they came to his hands, if acquired subsequent to the service of notice, and before judgment. The words "property, debts, and effects," include real estate and choses in action, whether due or not, and judgments before a justice of the peace; also money or stocks in an incorporated company.

When the statute is applied to the circumstances presented in the instant case, it is apparent that the writs of garnishment must be directed either at rights possessed by Mr. Overman or at obligations owed him by the respondents, arising from the annuity contracts and ostensibly in the possession of the respondents.

Mr. Overman does possess a number of rights under the contracts, as, for instance, the rights to change their maturity dates or to change the designated beneficiaries under the death benefit provisions. However, these rights, while they may be property, are not "property . . . in the *possession of the garnishee[s].*" T.C.A. § 26–505 (emphasis supplied). If anything, they are property in the possession of Mr. Overman. As a result, they may not be reached by writs of garnishment directed at the respondents. *See United States v. Home Life Insurance Co.,* 355 F.2d 86 (2d Cir. 1966); *United States v. Mitchell,* 349 F.2d 94 (5th Cir. 1965); *United States v. Sullivan,* 333 F.2d 100 (3rd Cir. 1964) (concerning similar procedures for the seizure of property in satisfaction of a delinquent tax obligation. *Cf. Annot.,* 37 A.L.R.2d 268, § 5 (concerning attempts to reach the cash surrender value of life insurance policies owned by a debtor).

■ In addition, the respondents have an existing obligation to Mr. Overman under the contracts—specifically, the obligation to make payments to him according to the terms of the annuities should he live until their dates of maturity. However, this obligation, whether it is characterized as a debt or as a chose in action, is not subject to garnishment because it is contingent on a future event—Mr. Overman's survival until the dates of maturity. If he should die before the contracts mature, the respondents will never be indebted to Mr. Overman in any amount. While obligations that are certain, although not presently due, are subject to garnishment, obligations that are contingent, in that they may never become due, are not. 6 Am.Jur.2d Attachment & Garnishment, § 126. *See, e. g., Gray v. Houck,* 167 Tenn. 233, 68 S.W.2d 117 (1934); *United States Fidelity & Guaranty Co. v. Wrenn,* 89 F.2d 838, 67 App.D.C. 94 (1936); *Margrave v. Craig,* 92 Nev. 760, 558 P.2d 623 (1976).

There being no property of Mr. Overman subject to garnishment in the respondents' hands, the writs were properly quashed.

■ Furthermore, as we noted above, even if the rights and obligations stemming from these contracts were of such a nature as to be subject to garnishment at the time this garnishment was served they would be exempt under the provisions of T.C.A. § 56–1110, which provides as follows:

> The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person made for the benefit of, or assigned to, the wife and/or children, or dependent relatives of such persons, shall be exempt from all claims of the creditors of such person arising out of or based upon any obligation created after January 1, 1932, whether or not the right to change the named beneficiary is reserved by or permitted to such person.

Mr. Overman's present wife is the primary beneficiary under the death benefit provision of each contract. As a result of that contingent interest, the contracts are for her benefit, and thus fall within the exemption of the statute. *Cf. Fox v. Swartz*, 235 Minn. 337, 51 N.W.2d 80 (1952). The petitioner argues that she should not be considered a "creditor" within the meaning of the statute, since the judgment stems from a claim for past-due alimony. Several jurisdictions, when interpreting similar exemption statutes, have adopted the position advanced by the petitioner. *See Annot.*, 54 A.L.R.2d 1422. However, such a holding, in our opinion would violate the evident intent of the legislature in creating the exemption expressed in T.C.A. § 56–1110—that is, to deliver intact to the present wife the proceeds of an insurance policy or an annuity upon the life of a debtor, where the policy or annuity was made for the benefit of the wife of the debtor. No limitation is placed on the exemption where the claimant is a former wife, and the debt is for past-due alimony. Where, as here, the intent of the legislature appears clear upon consideration of the natural and ordinary meaning of the statutory language, it is not the office of this court either to extend or limit that language's import, regardless of how we may perceive the equities of the cause. *Worrall v. Kroger Co.*, 545 S.W.2d 736 (Tenn. 1977); *Jackson v. Jackson*, 186 Tenn. 337, 210 S.W.2d 332 (1948).

Decree affirmed and costs are adjudged against petitioner Frances Henson Overman.

HENRY, C. J., and FONES, BROCK and HARBISON, JJ., concur.