# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 16, 2005 Session

## LIPMAN BROTHERS, INC. v. ARETE AGENCIES, INC.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 99-1557-II     Carol McCoy, Chancellor**

---

**No. M2004-02073-COA-R3-CV- Filed December 7, 2005**

---

Plaintiff Lipman Brothers, Inc. purchased 1,156 cases of French wine and hired Italia Di Navigazione, S.p.A. ("Italia") to ship the wine to the United States from France. Italia subsequently hired Defendant Arete Agencies, Inc. ("Arete") to transport the wine to Plaintiff's Nashville warehouses. Arete placed the wine on a train bound for Nashville but, after reaching its destination, the wine was never delivered to Plaintiff and ultimately spoiled after sitting outside in the summer heat for thirty-six days. Arete's insurance provider, The Hartford Insurance Company ("Hartford"), denied coverage for the incident. Plaintiff later obtained a judgment against Arete and, after learning that Arete was unable to pay, issued a writ of garnishment against Hartford. The trial court subsequently quashed Plaintiff's writ after concluding that the debt was "contingent" because Plaintiff failed to first institute a declaratory judgment action to interpret the disputed insurance contract before seeking garnishment. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and WILLIAM H. INMAN, SP. J., joined.

Eugene N. Bulso, Jr. and Barbara Hawley Smith, Nashville, Tennessee, for the appellant, Lipman Brothers, Inc.

Thomas I. Carlton, Jr. and Ben M. Rose, Nashville, Tennessee, for the appellee, The Hartford Insurance Company.

## OPINION

### *Factual Background and Procedural History*

This case arises from the spoiling of 1,156 cases of wine. Lipman Brothers, Inc. ("Plaintiff") is a wine distributor based in Nashville, Tennessee. On April 30, 1998, Plaintiff

contracted with Italia Di Navigazione, S.p.A. ("Italia") to ship 1,156 cases of wine from Les Vins Georges Duboeuf in La-Chappelle-De Guinchay, France, to Lipman's warehouse located in Nashville, Tennessee. Italia shipped the wine overseas from France to Savannah, Georgia, and subcontracted with Arete Agencies, Inc. ("Arete") to transport the wine from Savannah to Plaintiff's Nashville warehouses. On June 5, 1998, Arete placed the wine on a railroad car for immediate transport to Nashville. The wine arrived in Nashville on June 8, 1998, but Plaintiff did not receive it until July 15, 1998. During this thirty-six day period, the wine remained outside in the railyard unprotected from the summer heat and elements. As a result of this exposure, the wine spoiled. Plaintiff subsequently filed suit against Arete on June 2, 1999, to recover damages resulting from the spoiling of the wine.

At all times relevant to this matter, Arete had insurance coverage under a commercial general liability policy issued by The Hartford Insurance Company ("Hartford"). Arete submitted a claim to Hartford for Plaintiff's loss and asked Hartford to defend and indemnify Arete with respect to Plaintiff's complaint. However, Hartford denied coverage for Arete's claim on July 15, 1999, due to a "care, custody, or control" exclusion in the policy. Specifically, in a letter to Arete, Hartford stated:

> The Hartford Insurance Company issued Policy No. 22 SBA EK7130 to Arete Transportation with a policy period from 1/27/98 through 1/27/99. The limits of liability are $1M per occurrence for all bodily injury or property damage. The pertinent coverage form is the SS 00 08 0698, the Business Liability endorsement. This form indicates under the insuring agreement that we will pay all the sums that the insured becomes legally obligated to pay as damages because of bodily injury, property damage, personal injury or advertising injury to which this insurance applies. A review of the exclusions in this form indicate under Exclusion K. 4 that this policy would not apply to property damages to property in care, custody or control of the insured. Since [Plaintiff's] Complaint indicates that the property damage occurred while in the care and control of Arete, we must respectfully disclaim coverage for this loss based on this exclusion.

After Hartford refused to defend the case, Arete filed an answer to Plaintiff's complaint. Arete subsequently dissolved on December 14, 1999. On April 28, 2000, the court granted judgment for Plaintiff against Arete in the amount $52,032.28.

Due to Arete's inability to pay the court's judgment, Plaintiff executed a non-wage garnishment against Hartford seeking payment of the $52,032.28 award. Hartford responded by arguing that the insurance policy did not provide coverage for the allegations made in Plaintiff's original complaint or for the damages claimed therein. Hartford subsequently filed a Motion to Quash Plaintiff's Writ of Execution and Garnishment asserting, among other things, that any obligation owed by Hartford was contingent and thus not subject to garnishment. In support of this argument, Hartford cited the Tennessee Supreme Court's decision in *Overman v. Overman*, 570 S.W.2d 857 (Tenn. 1978) for the proposition that "[w]hile obligations that are certain,

although not presently due, are subject to garnishment under Tennessee law, obligations that are contingent, in that they may never become due[,] are not." Hartford argued that since Plaintiff had not first sought a declaratory judgment action interpreting the insurance contract, any amount potentially due under the contract was contingent. Plaintiff filed a Motion for Conditional Judgment on June 25, 2004. The trial court granted Hartford's Motion to Quash from the Bench on July 23, 2004. In so ruling, the trial judge made the following findings:

> The statute under which [Plaintiff] has issued a garnishment against [Hartford] is [Tenn. Code Ann. §] 26-2-202. . . .

> . . . .

> . . . The statute that I referenced says that all property, debts[,] and effects of the defendant in the possession or under the control of the garnishee shall be liable to satisfy the plaintiff's judgment from the service of the notice or from the time they came into the plaintiff's hands if acquired subsequent to the service of the notice and before judgment.

> The little notes cite the cases that have been referenced here. [*Overman*]. They make a distinction between property that's subject to the garnishment. . . .

> . . . .

> The question is whether or not Hartford has property that is subject to garnishment so as to satisfy [Plaintiff's] judgment. [Hartford has] come forward and said, ["]We have no obligation to pay the judgment because the contract has an exclusion, and the provision of the exclusion appears in a form called the "Business Liability Coverage Form."

> . . . .

> [Garnishment applies] to insurance companies when it's clear that they have an obligation to pay. . . . [Hartford denies] any obligation or any liability to Arete. I have looked at the contract.

> . . . .

> The burden on the insurance company to show that they have no liability to Arete by case law is a heavy burden. To come out from under an insurance policy, that's generally a heavy burden. That's not the same burden that exists in denying obligations under a garnishment. It's a different burden.

That doesn't mean that Lipman cannot pursue Hartford. But it has to be in a more proper form. . . . I think that the issue will really focus on what was Hartford's obligation under the contract that they had with Arete, that Lipman steps into the shoes of Arete for the purposes of construing this contract as the judgment creditor.

Hartford denied that it had liability when a demand was made early on. . . .

And the garnishment statute[,] as I construe it[,] was not to attach an insurance policy. It was to attach property, debts[,] and effects of the defendant in the possession or under the control of the garnishee. Right now, there is no showing that Hartford has any property, debts[,] or affects of the defendant in its possession or under its control.

That's what we're looking at. And while, [Plaintiff argues] that there's an obligation, the chose in action must be one that the Court can recognize as constituting property. And that is not what we have here. We have a denial of coverage. And that's what makes it contingent. I can't do that in these proceedings.

Plaintiff subsequently filed a Motion to Reconsider which the trial court denied. The trial court entered a final written order quashing Plaintiff's Writ of Execution and Garnishment on August 20, 2004. Plaintiff appealed.

## *Issues Presented*

We find the issue in this case to be whether the trial court erred in quashing Plaintiff's Writ of Garnishment. For the reasons stated below, we reverse.

## *Standard of Review*

The issues presented in this appeal are issues of law. The standard of review for this Court on issues of law is *de novo*, with no presumption of correctness afforded to the conclusions of the court below. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000); Tenn R. App. P. 13(d) (2005).

## *Analysis*

In this case, Plaintiff filed a Writ of Garnishment against proceeds allegedly owed to judgment debtor Arete under a policy issued by Arete's insurer, Hartford. Hartford denied coverage. The trial court subsequently quashed Plaintiff's writ after finding that any debt owed by Hartford to Arete was contingent since a legal dispute existed as to whether the insurance contract provided coverage. The trial court further refused to address the dispute because it

concluded that it was improper for a court to interpret a disputed insurance contract in a garnishment proceeding. We disagree with both holdings.

This Court has previously defined a garnishment as "an attachment of a debt due the judgment debtor from the garnishee." *Smith v. Smith*, 165 S.W.3d 285, 293 (Tenn. Ct. App. 2004) (citations omitted). "[S]ervice of the garnishment upon the garnishee is a warning to the garnishee not to pay the debt but to answer the garnishment and hold the fund subject to the orders of the [c]ourt." *Id.* Tennessee law allows for garnishment of proceeds from commercial general liability insurance policies when "a defendant has actually suffered the damages of the kind contemplated by the contract." *Gray v. Houck*, 68 S.W.2d 117, 118 (Tenn. 1930). However, "Tenn. Code Ann. § 29-7-112 (2002) provides that a final garnishment judgment may be entered against a garnishee only where 'it appears that the garnishee is indebted to the [principal judgment debtor] defendant.' " *Tenn. Indus. Mach. Co. v. Accuride Corp.*, 139 S.W.3d 290, 294 (Tenn. Ct. App. 2004). Such indebtedness must be actual and vested, not contingent upon some future action or event.[1] *Overman v. Overman*, 570 S.W.2d 857, 858 (Tenn. 1978).

> When a debt is disputed in a garnishment action,
> [i]t falls upon the trial court . . . to determine the indebtedness of the garnishee before entering judgment. *Meadows v. Meadows*, No. 88-135-II, 1988 WL 116382, at *2 (Tenn. Ct. App. 1988) (citing *Cheatham v. Trotter*, 7 Tenn. (1 Peck) 198 (1823)). As the court makes this determination, it must bear in mind the general rule that a "plaintiff is not to be placed in any better position, nor the garnishee in any worse position, than he would be if defendant himself was enforcing his claim." *Gray v. Houck*, 167 Tenn. 233, 68 S.W.2d 117, 118 (1934) (citation omitted). This is because, "the plaintiff in garnishment is, in his relation to the garnishee, substituted merely to the rights of his own debtor, and can enforce no demand against the garnishee which the debtor himself, if suing, would not be entitled to recover." *Id.*

*Accuride*, 139 S.W.3d at 294.

In the case at bar, the trial court relied upon the Tennessee Supreme Court's holding in *Overman v. Overman*, 570 S.W.2d 857 (Tenn. 1978), in finding that any debt owed from Hartford to Arete was contingent and thus not subject to garnishment. However, we find *Overman* inapplicable to the facts in this case. In *Overman*, the plaintiff sought to garnish rights held by the defendant in two annuity agreements which were not yet mature. *Id.* at 857. In holding that the plaintiff could not garnish the annuities, the Tennessee Supreme Court found that

---

[1] As we discuss below, a denial of insurance coverage by a garnishee insurance company alone does not make alleged debt contingent for the purposes of garnishment.

this obligation, whether it is characterized as a debt or as a chose in action, is not subject to garnishment because it is contingent on a future event[–the defendant's] survival until the dates of maturity. If he should die before the contracts mature, the respondents will never be indebted to [the defendant] in any amount. While obligations that are certain, although not presently due, are subject to garnishment, obligations that are contingent, in that they may never become due, are not.

*Id.* at 858 (citations omitted).

In this case, the alleged debt owed by Hartford to Arete under the insurance policy is not contingent upon some future event. Rather, we find that any such debt accrued at the time an event allegedly covered under the policy occurred. In so ruling, we adopt the reasoning set forth in *Zimek v. Ill. Nat. Cas. Co.*, 19 N.E.2d 620 (Ill. 1939), where the Illinois Supreme Court held:

In the present case it is said the claim is contingent because the casualty company denies that it is liable to Zimek under the terms of the policy of insurance. But defendant misconceives the nature of the contingency contemplated by the rule. A contingent claim is one where liability hinges upon some future event, which may or may not occur; it is dependent on some condition as yet unperformed. *Grand Lodge, I. O. O. F. v. Troutman*, 80 Kan. 441, 103 P. 94. Here, whatever right Zimek has against the company has vested; all the events which can fix the garnishee with liability have taken place. It only remains to be determined whether those events make the casualty company liable to Zimek. . . . Thus, the denial of liabilit[y] by the garnishee does not create a contingency which will prevent garnishment. If we held otherwise, garnishment process by a creditor could be defeated in every case by the garnishee's denial of indebtedness to the judgment debtor.

*Zimek*, 19 N.E.2d at 623.

Since we have held that the alleged debt in this case is not contingent, the only issue remaining is whether Hartford's insurance contract provided coverage to Arete for losses suffered by Plaintiff. As previously noted, in garnishment proceedings "[i]t falls upon the trial court . . . to determine the indebtedness of the garnishee before entering judgment." *Accuride*, 139 S.W.3d at 294 (citations omitted). As a result, we remand this case to the trial court for the purpose of determining coverage under the insurance policy between Hartford and Arete.

*Conclusion*

Based upon the foregoing, we hereby reverse the chancery court and remand this case for further proceedings as outlined above. Costs of this appeal are taxed to Appellee, The Hartford Insurance Company for which execution may issue of necessary.

_____
DAVID R. FARMER, JUDGE