# GRAY *v.* HOUCK.

## (*Nashville,* December Term, 1933.)

Opinion filed Feb. 24, 1934.

JORDAN STOKES, JR., of Nashville, and J. C. R. McCALL, JR., of Huntingdon, for plaintiff in error.

WALTER STOKES and LINDSEY M. DAVIS, both of Nashville, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is an action for damages for personal injuries suffered in an automobile accident. The defendant, Houck, left the state before service could be had upon him, and jurisdiction is asserted in this action, begun several years later, by petition for attachment by garnishment of the Travelers' Insurance Company, as the debtor of the defendant.

Such process is authorized by statute in behalf of a tort claimed against one who is "indebted" to the defendant. Code, sections 9397, 9428.

The circuit court concluded, from the averments of the petition and affidavit for attachment, that the insurance company is not indebted to the defendant, within the sense and meaning of the attachment and garnishment

law, and for that reason denied the attachment and dismissed the suit. The plaintiff has appealed in error.

The petition and affidavit for attachment avers that the defendant inflicted the injuries complained of while driving his automobile, in the use of which he was protected by a contract of liability insurance issued to him by the Travelers' Insurance Company, copy of which is exhibited. It is asserted in the petition that the defendant's "contract right to require the Travelers' Insurance Company to pay the sum which he shall become obligated to pay by reason of a judgment in this suit is property subject to attachment by garnishment in this case."

The exhibited contract of insurance binds the insurer "to pay on behalf of the assured all sums which the assured shall become obligated to pay by reason of the liability imposed upon him by law for damages," etc., and authorizes suit on the contract by any person "who shall obtain final judgment against the assured" enforcing liability covered by the contract. It contains the usual provisions binding the insurer to defend actions against the insured, etc.

The contract contains the further stipulation:

"No recovery against the Company shall be had until the amount of the Assured's obligation to pay shall have been finally determined either by judgment against the Assured after actual trial or by written agreement of the Assured, the claimant, and the Company, nor in either event unless suit is instituted within two years after the date of such judgment or written agreement."

The contract thus pleaded is clearly one of indemnity against liability, but by the clause last quoted the obligation of the insurer to pay and satisfy claims made against the insured arises only when such claims

are matured by judgment or by written agreement of the parties interested, including the insurer. The language of the contract is that "no recovery against the company shall be had" until the amount of the insured's liability shall have been determined by judgment or written agreement. A right of recovery is obviously essential to a right of action, so that, by the terms of the contract, the insured has no right of action for the indemnity stipulated, in the absence of judgment against him or an agreement fixing the amount of plaintiff's damages. The existence of such right of action is therefore contingent upon the rendition of judgment against the insured, the defendant to plaintiff's action for damages. That such event is uncertain and contingent is at least indicated by the plaintiff's inability to obtain service of process on the defendant, by reason of the defendant's nonresidence.

In so far as the facts are disclosed by the pleadings before us, to sustain the garnishment in this case would subject the garnishee to a liability to which otherwise it could never be called upon to respond. It is said on the brief of the plaintiff that the defendant has probably resided in the state of his present residence long enough to successfully plead the statute of limitations to any action brought against him by plaintiff in that state. In this situation, the plaintiff is met by the general rule that "plaintiff is not to be placed in any better position, nor the garnishee in any worse position, than he would be if defendant himself was enforcing his claim." 28 Corpus Juris, 241, 242, "Garnishment," section 336. The creditor can occupy no higher ground than the debtor, in asserting rights against the garnishee. *Crudgington* v. *Hogan,* 105 Tenn., 448, 451, 58 S. W., 642. In Shinn on Attachment and Garnishment (1896), vol. 2,

section 487, the author says: "It is a rule of universal application that the plaintiff in garnishment is, in his relation to the garnishee, substituted merely to the rights of his own debtor, and can enforce no demand against the garnishee which the debtor himself, if suing, would not be entitled to recover."

It is also an underlying principle, controlling the right to attachment by garnishment, that the process can reach only debts absolutely existing, and those not subject to the happening of a future event, rendering it uncertain whether the garnishee will or will not be indebted to the defendant. Shinn on Attachment and Garnishment, vol. 2, sections 480, 481, cited in *Lockett* v. *Beaver,* 97 Tenn., 396, 398, 37 S. W., 140; 14 Am. & Eng. Ency. Law (2 Ed.), 765.

"A claim under a contract of indemnity is subject to garnishment where defendant has actually suffered damages of the kind contemplated by the contract, but not otherwise." 28 Corpus Juris, 166, "Garnishment," section 210. The text is supported by the cases cited in notes. *Downer* v. *Topliff,* 19 Vt., 399; *Townsend* v. *Atwater,* 5 Day (Conn.), 298.

The defendant herein has not suffered damage for which he is entitled to call upon his insurer for indemnity. Such damage will arise only from a judgment against him, or from a written agreement fixing the amount of the liability, according to the terms of the insurance contract. Until such contingency occurs, there can be no breach of the contract to indemnify, and no right of action which the defendant or his creditor can prosecute against the insurer.

The issue was so determined in the only reported case we have been able to discover, dealing with the same

character of contract and action. *Palmer* v. *Duplex Truck Co.* (1918), 79 N. H., 28, 103 A., 943, 945. It was there held that until a breach of the contract to indemnify occurs, the insured has no right of action on the contract and the insurer is consequently not chargeable as garnishee (called "trustee" in that state). The opinion cited indicates that after breach of the indemnity contract, by failure to satisfy a personal judgment against the defendant, garnishment process may issue against the insurer, under the rule in that state, and this seems to be the general rule. 28 Corpus Juris, 166, "Garnishment," section 209. But unless such judgment is rendered in an action to which the defendant is a party, by service of personal process, it "would not be a legal claim against the defendant, and suffering its rendition would not be a breach of the trustee's (garnishee's) contract to indemnify against legal liability." The opinion proceeds: "The defendant, unless some of its property is attached in this state, can suffer neither legal liability nor loss in this litigation. It has not now, and cannot have as a result of this suit, any claim against the trustee."

Plaintiff cites and relies upon, by analogy, cases which hold that the proceeds of contracts of fire insurance, after loss but before proofs of loss are filed or other conditions are performed, are subject to garnishment by creditors of the insured. *Finch* v. *Great American Ins. Co.*, 101 Conn., 332, 125 A., 628, 629, 38 A. L. R., 1068; *Parker, Peebles & Knox* v. *El Saieh*, 107 Conn., 545, 141 A., 884, 59 A. L. R., 1424; and cases cited in A. L. R., notes. We do not find the requisite analogy in those cases. The garnishment of the proceeds of fire policies rests upon the holding that "the obligation to pay such a loss dates from the loss, and not from the subsequent liquidation

which determines the amount payable.'' *Finch* v. *Great American Ins. Co., supra.* Under the liability indemnity contract before us, the obligation to pay dates from the rendition of a judgment against the defendant, and until such judgment is rendered the obligation is contingent, as is the obligation under a fire policy before a loss by fire occurs.

■ We find it unnecessary to consider the merits of a plea of the statute of limitations, also sustained by the circuit court. We hold that, under the contract of indemnity against liability pleaded, the insurer's obligation to the defendant is contingent and uncertain, and that, until the defendant's liability to the plaintiff is determined by judgment rendered in a personal action against him, the insurer is not subject to garnishment as the defendant's debtor.

The judgment is affirmed.