In the Matter of Willie Mae **ANDERSON**, Bankrupt.

No. 29376.

United States District Court, E. D. Tennessee, N. D.

July 11, 1972.

Harry J. Bryant, Knoxville, Tenn., for bankrupt.

Richard Stair, Jr., Knoxville, Tenn., Trustee.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

On September 12, 1970, Mrs. Anderson, the bankrupt, was injured by a hit-and-run driver. She incurred a hospital bill of some $15,000.00. Medicare paid approximately $12,000.00 of this bill, the balance of it remains unpaid. Bankruptcy was filed on October 1, 1971, and the petition and schedules list this unpaid balance of the hospital bill and one other small secured debt as Mrs. Anderson's only outstanding liabilities. At the time bankruptcy was filed, an action was pending in Circuit Court of Knox County against one Dewey Kidd for the injuries that resulted from the automobile accident. The question presented is whether this cause of action for personal injuries pending at the time of bankruptcy is property that is vested in the trustee under Section 70(a) of the Bankruptcy Act.

Under Section 70(a), the trustee of the estate of the bankrupt is vested by operation of law with the title of the bankrupt to certain types of property. Section 70(a) (5) deals with the trustee's power over property such as a cause of action for personal injuries as presented in this case. Section 70(a) (2) provides for the trustee to succeed to

" . . . property, including rights of action, which prior to the filing of the petition he [bankrupt] could by any means have transferred on which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered . . ." [1]

Following this section is a proviso clause that relates directly to a cause of action for personal injuries and limits the preceding section. The proviso clause states:

" . . . That rights of action ex delicto for libel, slander, injuries to the person of the bankrupt or a relative, whether or not resulting in death, seduction, and criminal conversation shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process . . ." [2]

Attorney for the creditor hospital initially argues that this section presents a two-fold test. Under his reading, the property that vests in the trustee under Section 70(a) (5) includes both that which may be by any means transferred *or* which might have been levied upon and sold under judicial process against him. This reading ignores the first proviso clause which specifically excludes certain rights of action from the main thrust of Section 70(a) (5). The proviso clause sets up the test of the ability of attachment, execution, garnishment, sequestration or other judicial process under the applicable State law in order for the trustee to succeed to this type of property. Therefore, by delineating certain rights of action Section 70(a) (5)

---

1. 11 U.S.C. § 110(a) (5) (1953).

2. Id.

clearly requests that these be treated by this single test.

The problem is then whether under Tennessee law a cause of action for personal injuries which had not yet resulted in a judgment is subject to attachment, execution, garnishment, sequestration, or other judicial process. The creditor concedes that the right of action is not subject to attachment or sequestration, but he argues that it is subject to judicial process, such as garnishment. Research by both counsel and by this Court has failed to uncover a single case directly on point. The relevant Tennessee statute provides:

"All property, debts, and effects of the defendant in the possession of the garnishee, or under his control, shall be liable to satisfy the plaintiff's judgment, from the service of the notice, or from the time they came to his hands, if acquired subsequent to the service of notice, and before judgment. The words 'property, debts, and effects,' include real estate *and choses in action, whether due or not,* and judgments before a justice of the peace . . ."[3]

The attorney for the creditor hospital argues that this provision expressly includes "choses in action" as garnishable and makes no differentiation between actions based on contract and actions based in tort. In addition, he calls attention to T.C.A. § 26–514 to reinforce this point.

For purposes of garnishment there is a distinction between a *claim* that is uncertain or contingent in the sense that it may never become due and one in which something will be due, the only contingency being the exact amount due.[4] Tort claims are in the former category and are generally considered non-garnishable because the very existence of a debt depends on both the verdict of a jury and a final judgment by the court. The latter category includes a number of actions on a contract and these are generally subject to garnishment.[5] This basic principle is recognized in a number of Tennessee cases although, as noted previously, their facts are not directly applicable here.[6] However, language in T.C.A. § 26–505 itself tends to emphasize this distinction. This section allows garnishment of choses in action "whether due or not." This language has no application when read in light of actions based in tort. Its sole purpose is to refer to those types of contract actions which are garnishable under Tennessee law. It should also be noted that this same language is used again in § 26–514 reinforcing the reading that these statutes do not contemplate garnishment of an action in tort.[7]

Since this cause of action for personal injuries is not garnishable under Tennessee law, it does not vest as property of the trustee under Section 70(a) (5) of the Bankruptcy Act.

---

3. T.C.A. § 26–505.

4. 6 Am.Jur.2d § 126 (1963).

5. Id., at §§ 126, 132.

6. Lockett v. Beaver, 97 Tenn. 396, 398, 37 S.W. 140 (1895); Gray v. Houck, 167 Tenn. 233, 68 S.W.2d 117 (1933).

7. The rule is different in some states. See, Carmona v. Robinson, 336 F.2d 518 (9 Cir., 1964).