**In re Lynn Andrew WARNER, Jr., Debtor.**

**FIRST TENNESSEE BANK NATIONAL ASSOCIATION, Plaintiff,**

**v.**

**Lynn Andrew WARNER, Jr., Defendant.**

Bankruptcy No. 91–32570–D.
Adv. No. 92–1326.

United States Bankruptcy Court,
W.D. Tennessee.

Jan. 29, 1996.

Norman P. Hagemeyer, Memphis, TN, for Debtor/Garnishee.

Michael C. Patton, Sean M. Haynes, Baker, Donelson, Bearman & Caldwell, P.C., Memphis, TN, for First Tennessee Bank National Association.

## MEMORANDUM OPINION ON MOTION TO COMPEL PAYMENT OF GARNISHED FUNDS INTO COURT

WILLIAM H. BROWN, Bankruptcy Judge.

On January 18, 1996, this Court conducted a hearing on the motion filed by the plaintiff, First Tennessee Bank National Association ("First Tennessee") to compel payment of garnished funds into the Court or, in the alternative, to appoint a receiver[1]. At the hearing, First Tennessee announced that it would withdraw its alternative motion to appoint a receiver, and a separate Order is being entered. First Tennessee's motion seeks to compel a professional corporation owned by the debtor, Lynn A. Warner, M.D., P.C., to pay into the Court a $100,000 debt owing by the corporation to the debtor. It is First Tennessee's contention that at the time

---

1. After an earlier hearing on this motion, the Honorable Bernice Bouie Donald abstained, pursuant to 28 U.S.C. § 1334(c)(1), from hearing this contested matter, deferring to an appropriate state court. On First Tennessee's appeal, the Honorable Jerome Turner, United States District Judge, reversed and remanded to this Court, after concluding:

> It is the bankruptcy court that must in the first instance and within its territorial jurisdiction enforce writs and proceedings in aid of the execution of its own judgments and decrees. (footnote omitted) Having exercised its jurisdiction to enter judgment against the debtor, the bankruptcy court no longer has the discretion to abstain under 28 U.S.C. § 1334(c)(1).

*First Tennessee Bank National Assoc. v. Warner,* unpublished No. 95–2781 (D.W.D.Tenn. Nov. 30, 1995).

of a garnishment execution against the corporation it owed an accumulated salary of $100,000 to the debtor. Moreover, First Tennessee says that the debtor personally answered the garnishment stating that there were no debts owing to Lynn A. Warner, M.D., and First Tennessee alleges that the response to the garnishment was false. First Tennessee relies upon information it has obtained in postjudgment discovery, which indicates that the corporation owes an unpaid and accumulated salary at $20,000 per month to the debtor. First Tennessee has filed depositions taken of the debtor and of a record keeper for his professional corporation, the answer to the garnishment, and a September 13, 1994, financial statement given by the debtor. This garnishment effort arose out of First Tennessee's attempts to collect its nondischargeable judgment obtained in this adversary proceeding against the defendant in the amount of $180,630.54.

The Court considers First Tennessee's motion to be the equivalent of a motion for conditional judgment against the garnishee, and by separate order the Court is entering a conditional judgment to First Tennessee against the garnishee corporation pursuant to TENN.CODE ANNOT. §§ 29–7–112 and 114. The Court wishes to give the garnishee corporation an opportunity to present any defense to entry of a final judgment. "The conditional judgment is an enforcement tool," not a punitive one. *Ball Bros. Furniture Co. v. Ferren,* 1987 WL 12388 at *2 (Tenn.App.1987); *Young v. Young,* 547 F.Supp. 1 (W.D.Tenn.1980). The response by the debtor personally to the garnishment was insufficient in the face of evidence that the corporation did owe the debtor a debt for accrued salary, and the Court found it appropriate to enter a conditional judgment against the garnishee that allows the garnishee an opportunity for a hearing to determine if the conditional judgment should become final.

Because of questions raised by the parties as to the appropriate procedures in such garnishment disputes, the Court will adopt its previous, unpublished memorandum opinion discussing the procedures for entry of a conditional and final judgment against a gar-

nishee. *City Finance v. Wilson (In re Wilson),* unpublished Case Number 84–22047–B, adversary proceeding number 84–0209 (Bankr.W.D.Tenn. Aug. 1989).

As in this case, the garnishee normally is not a party to the adversary proceeding in which a judgment is obtained. The garnishee has no formal notice of the adversary proceeding and no reason to be a party thereto. It is only after a defendant, against whom a judgment is entered, fails to satisfy the judgment that the garnishee may be brought into the proceeding. The plaintiff, as in this case, frequently attempts to execute upon a judgment by serving a garnishment through the Clerk of the United States Bankruptcy Court, with whom the judgment is recorded. If the garnishment is contested or if the garnishment is not answered, a contested matter results under FED. R.BANKR.P. 9014, which Rule requires service of motions in the same manner provided for service of a summons and complaint by FED. R.BANKR.P. 7004. Such service may be accomplished properly under that Rule by first class mail, as well as by other methods. *See* FED.R.BANKR.P. 7004(b)–(h). Further, FED. R.BANKR.P. 9014, unless the Court otherwise directs, makes various other bankruptcy rules applicable, including FED.R.BANKR.P. 7069 governing execution. FED.R.CIV.P. 69(a), incorporated by FED.R.BANKR.P. 7069, provides as follows:

(a) In General. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided

by the practice of the state in which the district court is held.

There are no specific federal statutory directives to guide the bankruptcy court in garnishments; however, FED.R.CIV.P. 69(a) makes it clear that execution procedures in aid of a judgment or in aid of execution on a judgment "shall be in accordance with the practice and procedure of the state in which the district court is held." The bankruptcy court is a unit of the district court. 28 U.S.C. § 151.

■ Therefore, reference must be made to the Tennessee Code for the procedures on garnishment through the Clerk of this Bankruptcy Court. *See* TENNESSEE CODE ANNOTATED § 29–7–101, *et. seq.* (hereinafter "TENN.CODE ANNOT."). Specifically, when there has been service of a garnishment against a garnishee, the Tennessee statutes provide for possible judgment against the garnishee "for the amount of the recovery or of the indebtedness," but only if the "garnishee is indebted to the defendant." TENN. CODE ANNOT. § 29–7–112. This would dictate that a hearing must be held to determine if the garnishee is indebted to the defendant in an adversary proceeding, unless the garnishee admits the existence of a debt. Further, if there has been a default by the garnishee, after being duly served, by failure of the garnishee to "appear and answer the garnishment," there is a presumption of the garnishee's indebtedness to the defendant "to the full amount of the plaintiff's demand, and a conditional judgment shall be entered" against the garnishee. TENN.CODE ANNOT. § 29–7–114. Obviously, sufficient notice of that conditional judgment must be given to the garnishee; therefore, upon entry of a conditional judgment, proper notice (by scire facias under Tennessee procedure) must be issued to the garnishee directing the garnishee to appear before a proper court "to show cause why final judgment should not be entered against" the garnishee. TENN.CODE ANNOT. § 29–7–115. A final judgment may result upon the return of the properly served conditional judgment or two (2) "not to be found" returns, and thereafter execution may issue upon the final judgment against the garnishee. TENN.CODE ANNOT. § 29–7–116.

■ As between the garnishee and original defendant, the judgment in the garnishment suit is "conclusive." TENN.CODE ANNOT. § 29–7–117. However, after a final judgment is entered against a garnishee, the garnishee may be entitled to a stay of execution under applicable Tennessee law. TENN. CODE ANNOT. § 29–7–118. The aggrieved garnishee has a right to appeal in all garnishment cases. TENN.CODE ANNOT. § 29–7–119.

While these procedures may yield harsh results as to the garnishee, the harshness is ameliorated by the ease with which the garnishee may respond to the garnishment, including by a written answer. TENN.CODE ANNOT. § 29–7–103(b). Basically, if the garnishee holds no property of the judgment defendant or owes no money to that defendant, in the typical case the garnishee is absolved easily from liability. The garnishee is, however, required to respond or risk total liability. This case is not the typical one because the garnishee is a closely held professional corporation owned by the defendant and because the garnishee did not actually answer the garnishment.

■ The Middle Section of the Tennessee Court of Appeals has construed these Tennessee Code requirements in an unpublished opinion. *Meadows v. Meadows & Allright Nashville Parking, Inc.,* 1988 WL 116382 (Tenn.App.1988). At issue was an appeal from a judgment against the garnishee Allright. The garnishment was served and a conditional judgment was taken after the garnishee failed to answer or to appear. The trial court issued its scire facias advising Allright that a conditional judgment had been taken for $32,541.20, and Allright was summoned to appear at a date certain to show cause why the said judgment should not be made final. At that point, the garnishee filed an answer stating that the defendant was no longer employed and that Allright was indebted to the defendant for only $290.54 in wages. The conditional judgment was set aside and appeal was taken from this action. As the *Meadows* Court reminds us: "Garnishment is in the nature of an attachment of a debt due the judgment debtor from the garnishee; and, service of the garnishment upon the garnishee is a warning to the

garnishee not to pay the debt but to answer the garnishment and hold the fund subject to the orders of the Court." 1988 WL 116382 at *3 (citing *Stonecipher v. Knoxville Savings & Loan Association,* 42 Tenn.App. 86, 298 S.W.2d 785 (1957)). If the garnishee answers or admits liability in a certain amount, the trial court may give judgment for that amount or the trial court may receive evidence on the indebtedness of the garnishee to the original defendant. When no answer or appearance is made, the statutory remedy is a conditional judgment. *Meadows,* 1988 WL 116382 at *3.

 Conditional judgment is a specific and peculiar remedy. It "is somewhat similar to a default judgment, but is not identical. Both recognize a failure to respond to process. Both provide a possible substitute for evidence. The conditional judgment is what the name implies. It is a threat of final judgment if [a proper] response should not be forthcoming. It is a means of inducing a [proper] response and a threat of a penalty for failure, but it is not a judgment establishing any rights." *Id.,* at *4. While conditional judgment normally is reserved for the default scenario, this particular case illustrates that when there is a dispute over whether a debt exists and when the written answer to the garnishment does not resolve the dispute, a conditional judgment setting a final hearing opportunity may be appropriate. The function of the process is one assuring the garnishee of a due process opportunity to present a defense.

The conditional judgment "is not a judgment establishing any rights." *Id.* No execution may issue upon a conditional judgment. It is rather a basis for additional notice to the garnishee "that unless the garnishee makes [a] timely [and satisfactory] answer to the scire facias, the conditional judgment will be made final." *Id.* Clearly, the conditional judgment gives "another opportunity" to the garnishee "to answer the garnishment." *Id.* (citations omitted)

 Because the conditional judgment is not a final adjudication of rights, the *Meadows* Court makes it clear that evidence may be received at the final hearing. At the hearing to show cause why the conditional judgment should not be made final, the trial court has a duty "to set aside the conditional judgment or to modify it to conform to the facts as disclosed by the answer of the garnishee and any other evidence presented; that is, the court should render final judgment only for the amount admitted by the garnishee to be due the debtor, or the amount shown by other evidence to be due." *Id.*

 Of course, if the garnishee, after proper service, fails to answer or otherwise defend the conditional judgment then the statutory presumption of full indebtedness applies and the conditional judgment may become final.

Because these Tennessee Code provisions and case authority are applicable to garnishments in the United States Bankruptcy Court by FED.R.CIV.P. 69(a), due process demands close adherence to the Tennessee requirements. In order to adapt the Tennessee provisions to the Bankruptcy Court, the following procedures should be followed when the garnishee fails to appear or to properly answer the garnishment that was executed upon the garnishee or when there is a dispute as to whether the garnishee is indebted to the defendant.

 1. A motion for conditional judgment against the garnishee should be filed, along with a certificate of service of the garnishment execution. This Court requires evidence of execution upon the garnishee, since that garnishment execution is the basis for potential judgment against the garnishee.[2] The motion initiates a contested matter before this Court. FED.R.BANKR.P. 9014.

 2. Both the motion and certificate of service of the garnishment execution should be served pursuant to FED.R.BANKR.P. 7004 upon the garnishee, and a certificate of

---

**2.** As noted previously, in this particular proceeding, the Court is treating First Tennessee's motion to compel payment by the garnishee as a motion for conditional judgment. There is no dispute here over proper execution or notice, and the debtor and the garnishee have been represented by counsel at the hearings.

mailing or other service upon the garnishee of that motion for conditional judgment should be filed with the Clerk of this Court. The motion will of course he calendared for hearing by the Clerk of this Court, and it shall be the responsibility of the moving party to make service and to provide notice of the hearing date. LOCAL BANKRUPTCY RULE 9013–1.

3. At the first hearing date, the garnishee will be heard upon the contested motion seeking conditional judgment, and if the garnishee fails to appear or otherwise to respond satisfactorily to the motion for conditional judgment, a conditional judgment may be entered against the garnishee.

4. A copy of the conditional judgment, after its entry, shall be served upon the garnishee, and the conditional judgment shall specify the amount of conditional judgment entered and shall specify that the garnishee should appear on a certain date to be established by the Clerk, or the Court at the conditional judgment hearing, to "show cause why final judgment should not be entered against" the garnishee. TENN.CODE ANNOT. § 29–7–115. Again, the moving party has the responsibility of serving the conditional judgment, with its notice of final hearing date, on the garnishee, and another certificate of service must be filed with the Clerk of the Court. LOCAL BANKRUPTCY RULE 9013–1.

5. This Court suggests that at least thirty days notice between the entry of conditional judgment and the final judgment hearing date is appropriate, unless cause is shown to shorten that time.[3]

6. At the final hearing date, opportunity shall be given to the moving party to produce proof of the amount of judgment sought against the garnishee, which proof would include an introduction of the original judgment upon which the garnishment was issued, any credits against that original judgment, any costs and attorney's fees[4], and the amount of the garnishee's indebtedness to the defendant. Opportunity also shall be given to the garnishee to respond to the conditional judgment, to produce proof of its indebtedness or lack thereof to the defendant, and to otherwise defend the entry of a final judgment. After the hearing, a final judgment may be entered or the conditional judgment may be vacated or modified, and a copy of a final judgment shall be served on the garnishee by the moving party.

7. Upon the passage of time for filing a notice of appeal under FED. R.BANKR.P. 8002, execution upon the final judgment may be issued through the Clerk of this Court.

8. The garnishee, after a final judgment, may seek a stay of execution on the final judgment pursuant to the procedure found in TENN.CODE ANNOT. § 29–7–118.

9. Throughout the entire garnishment process, due process demands that the garnishee have proper notice of the efforts to obtain both conditional and final judgments against the garnishee, and this Court should not enter a final judgment against the garnishee until the Court is satisfied that the garnishee has been properly served and has had an opportunity to be heard.

In this particular case, the factual disputes over whether the garnishee is indebted to the defendant do not defeat entry of a conditional judgment when no representative of the garnishee, other than the defendant/debtor's (and presumably garnishee's) attorney, appeared at First Tennessee's motion to compel the garnishee to pay funds to the Clerk of this Court. Also, as noted previously, the debtor personally, rather than the garnishee corporation, answered the garnishment, and this answer is insufficient to overcome the preliminary evidence that a debt exists. However, as discussed previously, the conditional judgment is only a wake up call to the garnishee, alerting it that a proper answer

3. In this particular proceeding, by consent, the final judgment hearing was set for March 21, 1996, at 10:30 a.m.

4. The *Meadows* Court stated that any award of attorney's fees must be grounded upon statutory authority. The Tennessee statutes do not provide for recovery of additional attorney's fees from the garnishee arising out of garnishment. 1988 WL 116382 at *5.

and defense must be forthcoming in order to prevent entry of a final judgment.

By separate order, being prepared by First Tennessee's counsel, the conditional judgment is being granted in the amount of $100,000 and a hearing is being set on whether that conditional judgment should become final.