IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 5, 2009 Session

## CAROL McKEE-LIVINGSTON v. MARK LIVINGSTON

**Appeal from the Circuit Court for Davidson County**
**No. 07C-2260     Joseph P. Binkley, Jr., Judge**

---

**No. M2009-00892-COA-R3-CV - Filed January 21, 2010**

---

In an attempt to collect money due from her ex-husband on a judgment for back child support and spousal support, ex-wife had a writ of garnishment served upon a corporation making quarterly payments to the ex-husband under a settlement agreement. The issue on appeal is whether the January 30, 2008 garnishment notice attached payments due the ex-husband in May 2008. Because the corporation had a debt to the ex-husband at the time of the garnishment notice, although the debt was not payable until a later time, we have determined that the garnishment notice attached the May 2008 payment. Since the corporation made the May 2008 payment directly to the ex-husband, the corporation is liable to the ex-wife. We, therefore, reverse the decision of the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Barbara Jones Perutelli, Nashville, Tennessee, for the appellant, Carol McKee-Livingston.

William Gary Blackburn, Nashville, Tennessee, for the appellee, Mark Livingston.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

Carol McKee-Livingston and Mark Livingston were divorced in California in 2005. In January 2007, Ms. McKee-Livingston obtained a judgment in California against Mr. Livingston for $167,956 in back child support and spousal support.

In 2002, Mr. Livingston and his company entered into a confidential settlement agreement with Danco Laboratories, LLC and others to resolve a dispute involving a pharmaceutical distribution agreement. Under the settlement agreement, Mr. Livingston received a sum of money and thereafter was to receive $1.00 for each unit of sale of the pharmaceutical product in question for seven years, from January 1, 2002, through December 31, 2008. The agreement provided that Danco would calculate the number of sales and make payment to Mr. Livingston within 45 days of the end of each quarter.

In August 2007, Ms. McKee-Livingston filed this action in Davidson County Circuit Court to enforce the California judgment. Mr. Livingston was served with process but failed to answer the complaint. On November 20, 2007, the court entered an order of default judgment for the amount of the California judgment. A writ of garnishment was served on Danco on January 18, 2008, and Danco paid $13,485.50 into the circuit court clerk's office on February 20, 2008. This money was for Mr. Livingston's share of the pharmaceutical sales for the fourth quarter of 2007. For the sales in the first quarter of 2008, Danco made a payment of $17,376.00 on May 13, 2008, directly to Mr. Livingston's attorney, not to the circuit court clerk. The parties thereafter entered into an agreement regarding the remaining quarterly payments.

Ms. McKee-Livingston filed a motion for a judgment against Danco as garnishee for $11,584.00, arguing that she was entitled to this amount because Danco failed to honor the garnishment notice served on January 30, 2008, by making payments to Mr. Livingston's attorney on May 13, 2008. Relying on the case of *Gray v. Houck*, 68 S.W.2d 117 (Tenn. 1934), the trial court denied Ms. McKee-Livingston's motion based upon the following reasoning:

> In the case before this Court, we are dealing with a debt that was contingent on the occurrence of future events. It was uncertain that Danco would be indebted to the Defendant. The potential debt, in accordance with the Settlement Agreement and Release, between the Defendant Mark Livingston and Danco was not only contingent on the actual sale of the pharmaceutical product but also was contingent on the Food and Drug Administration's not halting the future sales of the "controversial" drug. For these reasons, the garnishment executed on January 30, [2008] applied only to the actual debt which Danco at that time owed to the Defendant Mark Livingston and which debt amount was absolutely existing at that time.

The court concluded that, to attach the May 2008 payment, Ms. McKee-Livingston "must have issued a new garnishment notice for the Clerk to serve on the garnishee, Danco."

This appeal concerns the issue of whether Danco's May 2008 payment to Mr. Livingston should have been attached by the January 2008 garnishment notice.

STANDARD OF REVIEW

There is no dispute as to the relevant facts in this case. The case turns on the proper application of the relevant garnishment statutes to the payments owed to Mr. Livingston by Danco. We review a trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). We review questions of law de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999). Issues of statutory construction present questions of law. *Lipscomb v. Doe*, 32 S.W.3d 840, 843-44 (Tenn. 2000); *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 599 (Tenn. 1999).

ANALYSIS

Garnishment is "an attachment of a debt due the judgment debtor from the garnishee; and, service of the garnishment upon the garnishee is a warning to the garnishee not to pay the debt but to answer the garnishment and hold the fund subject to the orders of the Court." *Smith v. Smith*, 165 S.W.3d 285, 293 (Tenn. Ct. App. 2004) (quoting *Meadows v. Meadows*, No. 88-135-II, 1988 WL 116382, at *3 (Tenn. Ct. App. Nov. 2, 1988)). Tenn. R. Civ. P. 69.05 and Tenn. Code Ann. §§ 26-2-201 through 224 address the use of garnishment as a means of execution on judgments.

This case requires us to consider in particular the issue of what property is attached by a garnishment. Tenn. Code Ann. § 26-2-202 states:

> All property, debts and effects of the defendant in the possession or under the control of the garnishee shall be liable to satisfy the plaintiff's judgment, from the service of the notice, or from the time they came into the plaintiff's hands, if acquired subsequent to the service of notice, and before judgment.

Tenn. Code Ann. § 26-2-201(3) defines "property, debts, and effects" to include "real estate and choses in action, whether due or not, and judgments before a court." This definition indicates that a debt need not be due in order to be covered by a garnishment.[1] Similarly, Tenn. Code Ann. § 26-2-213 provides:

_____

[1] A "chose in action" denotes "[t]he right to bring an action to recover a debt, money, or thing." BLACK'S LAW DICTIONARY 258 (8th ed. 2004).

-3-

If upon disclosure made on oath by the debtor it appears that the garnishee is indebted to the defendant, but that the *debt is not payable and will not become due until some future time*, then such judgment as the plaintiff may recover shall constitute a lien upon the debt until and at the time it becomes due and payable.

(Emphasis added). Under Tenn. Code Ann. § 26-2-211, "[e]xecution of the garnishment judgment may be stayed until the choses in action fall due . . . ."

While the garnishment statutes do not require that a debt be due and payable prior to judgment against the garnishee, the law does require that there be some existing liability or obligation, not just a contingent liability. Garnishment "can reach only debts absolutely existing, and those not subject to the happening of a future event, rendering it uncertain whether the garnishee will or will not be indebted to the defendant." *Houck*, 68 S.W.2d at 118. When an obligation is contingent, its very existence depends upon future events. *Jerry T. Beech Concrete Contractor, Inc. v. Larry Powell Builders, Inc.*, No. M2001-02709-COA-R3-CV, 2003 WL 726955, at *4 (Tenn. Ct. App. Mar. 4, 2003). The rule has been stated: "While obligations that are certain, although not presently due, are subject to garnishment, obligations that are contingent, in that they may never become due, are not." *Overman v. Overman*, 570 S.W.2d 857, 858 (Tenn. 1978). Thus, for purposes of garnishment, "there is a distinction between a claim that is uncertain or contingent in the sense that it may never become due and one in which something will be due, the only contingency being the exact amount due." *In the Matter of Anderson*, 345 F. Supp. 840, 842 (E.D. Tenn. 1972).

Danco argues that the May 2008 payment to Mr. Livingston was, at the time of the garnishment notice, contingent because the debt was not determinable until all sales revenues were received at the end of the quarter. We disagree with this interpretation. Pursuant to the settlement agreement, Danco was obligated to pay Mr. Livingston one dollar for each unit sold for a term of seven years. The fact that these payments were not due and payable until after the end of each quarter does not make Danco's liability a mere contingency. The payments were unmatured debts, not contingent debts. A debt is unmatured "when the *amount* of a garnishee's liability may be uncertain, but there is no question about the *fact* of the liability." *Hometown Bank v. Acuity Ins.*, 748 N.W.2d 203, 207 (Wis. Ct. App. 2008). Although we find no Tennessee law expressly addressing the issue, we consider the following general principles to be consistent with Tennessee garnishment statutes and caselaw:

Where there is no contingency as to the garnishee's liability, the only contingency being as to the amount thereof, and where the amount of the liability is capable of definite ascertainment in the future, there is no such

> contingency as prevents garnishment of the claim, even though . . . it may be
> that eventually it will be found that nothing is due.

*Consol. Constr. Servs., Inc. v. Simpson*, 813 A.2d 260, 273 (Md. 2002) (quoting *Javorek v. Superior Court of Monterey County,* 552 P.2d 728, 737 (Cal. 1976)); *see also F & W Welding Serv., Inc. v. ADL Contracting Corp.*, 587 A.2d 92, 97 (Conn. 1991). Moreover, a "garnishee's otherwise certain liability is not made uncertain because the obligation may be diminished or defeated by a condition subsequent." *F & W Welding*, 587 A.2d at 97; *see also* 6 AM. JUR. 2D *Attachment and Garnishment* § 98 (2008). Thus, the possibility that there may be no sales in a quarter or that the Food and Drug Administration could prohibit further sales does not make Danco's liability under the settlement agreement a contingent debt for garnishment purposes.

Our conclusion in this case is consistent with the federal district court's holding in *John Hancock Mutual Life Insurance Co. v. Frost National Bank of San Antonio*, 393 F. Supp. 204 (E.D. Tenn. 1974), a case decided under Tennessee law. In *John Hancock*, judgment creditors of two life insurance policy beneficiaries sought to garnish the proceeds of a life insurance policy. *Id.* at 207. Under a settlement agreement, the beneficiaries had elected to receive the proceeds in monthly installments. *Id.* Finding the monthly installment payments subject to garnishment under the applicable statutes, the court stated that "[t]he obligation of the insurer to make installment payments under the settlement agreement is a fixed and absolutely existing debt . . . ." *Id.* at 208. Danco attempts to distinguish this case from *John Hancock* on the grounds that, in the latter, "the debtor had a legal right to the funds when the garnishment was served." Danco emphasizes the following legal principle: "The rights of a garnisheeing creditor are no higher than those possessed by the judgment debtor against the garnishee." *Id.* at 207 (citing *Hamilton Nat'l Bank v. Long*, 226 S.W.2d 293, 295 (Tenn. 1949), and *Houck*, 68 S.W.2d at 118). Danco argues that, until 45 days from the end of the first quarter of 2008, Mr. Livingston had no right to the payments at issue. We disagree. If Danco had refused to honor the agreement in the future, Mr. Livingston could have filed an action for anticipatory breach. *See City of Memphis v. Ford Motor Co.*, 304 F.2d 845, 852 (6th Cir. 1962). Here, as in *John Hancock*, the garnishee had an existing obligation to make periodic payments.

We consider *Gray v. Houck*, cited by the trial court and by Danco, to be factually distinguishable from the present case. *Houck* involved an attempt to garnish an insurance company that provided indemnity insurance for the debtors. *Houck*, 68 S.W.2d at 117. Under the insurance contract, the insurer's liability arose only when claims were "matured by judgment or by written agreement of the parties interested." *Id.* When the garnishment was initiated, the debtors had been in a car accident, but there had been no determination of liability. Finding that the insurer's obligation to pay was contingent until the rendition of

judgment against the defendant, the court held that the insurer was not subject to garnishment before such judgment.  *Id.* at 119-20.

Because the May 2008 payment was covered by the January 2008 garnishment, we must conclude that Danco is liable to Ms. McKee-Livingston pursuant to Tenn. Code Ann. § 29-7-112.

CONCLUSION

Judgment of the trial court is reversed.  Costs of appeal are assessed against the appellee, for which execution may issue if necessary.

_____

ANDY D. BENNETT, JUDGE