# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 18, 2014 Session

## LEROY STOCKLIN, JR. v. KAREN R. LORD ET AL.

### Appeal from the Circuit Court for Hamilton County
### No. 13C606     L. Marie Williams, Judge

---

### No. E2013-02320-COA-R3-CV-FILED-SEPTEMBER 29, 2014

---

Plaintiff Leroy Stocklin, Jr., served a non-wage garnishment on Carol Dean, in her capacity as executrix of her mother's estate, in an attempt to reach the interest of an estate beneficiary, Karen R. Lord. Lord, who is Dean's sister, is a $10,348 judgment debtor of Stocklin by virtue of a general sessions court judgment. Dean's attorney acknowledged proper service of the garnishment and represented that it would be satisfied from Lord's portion of the estate. Dean failed to timely answer the garnishment as required by statute. She later filed an answer denying that she, as executrix, had in her possession or control any property, debts or effects belonging to Lord. Between (a) the date of service of the garnishment and (b) Dean's answer, Dean distributed monies to Lord, as a portion of her inheritance, well in excess of the garnishment amount. The trial court entered judgment against Dean under Tenn. Code Ann. § 29-7-112 (2012), which provides for a judgment against a garnishee "[i]f it appears that the garnishee . . . has property and effects of the defendant [debtor] subject to the attachment." Dean appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

Buddy B. Presley, Jr., Chattanooga, Tennessee, for the appellants, Karen R. Lord and Carol Dean.

Allison Ulin Lynch, Chattanooga, Tennessee, for the appellee, Leroy Stocklin, Jr.

**OPINION**

**I.**

On June 1, 2012, Dean filed a petition for probate of the last will and testament of her mother, Frances R. Ostreika. The will designated Dean as executrix. The beneficiaries of the estate were Ms. Ostreika's three children – Dean, Lord, and their brother, Fred R. Ritchie – each of whom was to receive one-third of the estate. The estimated value of the gross estate was $170,000. The primary asset was Ms. Ostreika's residence.

On June 19, 2012, Stocklin caused a garnishment to be served on Dean in care of the estate's attorney, Buddy Presley. The garnishment notice stated it was directed at the "distribution from the Estate of Frances R. Ostreika." The trial court found that "[i]n his capacity as attorney for the estate, Mr. Presley acknowledged that the garnishment had been served and would be honored." However, Dean did not file a timely answer to the garnishment, thereby triggering Tenn. Code Ann. § 29-7-114, which provides that "[i]f, when duly summoned, the garnishee fail[s] to appear and answer the garnishment, the garnishee shall be presumed to be indebted to the defendant to the full amount of the plaintiff's demand, and a conditional judgment shall be entered up against the garnishee accordingly." *See also* Tenn. Code Ann. § 26-2-209 (2000) ("If the garnishee fails to appear or answer, a conditional judgment may be entered against the garnishee for the plaintiff's debt, upon which a notice shall issue to the garnishee returnable at such time as the court may require, to show cause why judgment final should not be rendered against the garnishee. On failure of the garnishee to appear and show cause, the conditional judgment shall be made final, and execution awarded for the plaintiff's entire debt and costs.").

Conditional judgment was entered against Dean. A *scire facias, i.e.,* a "show cause," writ issued in accordance with Tenn. Code Ann. § 29-7-115, which states that "[u]pon this conditional judgment, a scire facias shall issue to the garnishee . . . to show cause why final judgment should not be entered against the garnishee." On the date of the hearing on the *scire facias*, April 8, 2013, Dean filed an answer, alleging in pertinent part that "[a]s of the date of service of this garnishment, Carol Dean, in her capacity as Executrix for the Estate of Frances R. Ostreika[,] does not have in her possession or control any property, debts, or effects belonging to the Defendant."

Following the *scire facias* hearing, the trial court entered judgment against Dean in accordance with Tenn. Code Ann. § 29-7-112, which provides:

> If it appears that the garnishee is indebted to the defendant, or
> has property and effects of the defendant subject to the

attachment, the court may, in case recovery is had by the plaintiff against the defendant, give judgment against the garnishee for the amount of the recovery or of the indebtedness and property.

The trial court held and reasoned as follows:

In his capacity as attorney for the estate, Mr. Presley acknowledged that the garnishment had been served and would be honored. He was the estate attorney and represented Carol Dean in her capacity as an executor, not personally. He represented funds would be due to Karen Lord from the estate which was valued at $170,000 on the probate petition. No written answer was made to the garnishment until the hearing date of April 8, 2013. Between the date the garnishment was filed and the date of the filing of the answer, monies well in excess of the garnishment amount were distributed to Karen Lord by Carol Dean. It is the position of Ms. Dean that a garnishment issued against her not naming her as an executrix is served upon her only in her individual capacity and she at no time held anything of value owing to Ms. Lord in her individual capacity. The manner in which the garnishment is styled makes it clear she was being served in her capacity as an executrix and the actions of the attorney for the estate in acknowledging the garnishment would be paid out of the proceeds of the estate make this argument invalid. . . .

Ms. Dean further contends she only would be responsible for anything in her hands at the time the garnishment was served. While it is true the house itself was not sold so there were not liquid funds in her hands at that time, the garnishment statutes apply to things of value as well as liquidated monetary amounts. This is not a contingent liability such as a contract of insurance not yet due and payable. The house was a thing of value in which the judgment debtor held an interest at the time the garnishment was served. The contingency which vested a property interest in the debtor was the death of her mother and the resulting application of the Will executed by her mother to the property to be inherited.

Although real estate normally vests in individuals immediately upon the death of the decedent, T.C.A. 31-2-103 [(2007)], the language of the Will before the Court makes it clear the real estate was in the hands of the estate pursuant to the terms of the Will. . . . No answer was filed so a conditional judgment was entered. At the scire facias hearing, there was no showing why the conditional judgment should not be made final.

An answer was filed but it did not meet the requirements of the statute as it was incomplete. However, those insufficiencies do not void the filing of an answer, which answer was not timely filed. The statutes intend the conditional judgment to be a "wake-up call." The statutes do not contain language indicating that if the answer is not timely or sufficient, a conditional judgment will be entered. The conditional judgment gives notice that a defense to the statutorily imposed presumption that it is indebted to the plaintiff to the full extent of the plaintiff's demand must be filed. *Smith v. Smith*, 165 S.W.3d 185 (Tenn. [Ct. App.] 2004).

The answer was late filed and did not provide an adequate defense to overcome the statutory presumption of indebtedness. Therefore, final judgment was appropriately entered for $11,091.21 plus court costs against Carol Dean.

Dean timely filed a notice of appeal.

II.

The issue is whether the trial court erred in holding Dean, the garnishee, liable for failure to honor the garnishment by distributing funds from the estate to Lord, the judgment debtor, after Dean had been properly served notice of the garnishment and her attorney had assured Stocklin, the plaintiff and judgment creditor, that his judgment would be paid from Lord's share of the estate.

There are no material facts in dispute. The issue involves the interpretation and application of the garnishment statutes, a question of law, that we review de novo. *Lipscomb v. Doe*, 32 S.W.3d 840, 843-44 (Tenn. 2000).

-4-

III.

The Tennessee statutes governing garnishment are codified at Tenn. Code Ann. §§ 26-2-201 through -225, and §§ 29-7-101 through -119. As this Court has observed on several occasions:

> Garnishment is in the nature of an attachment of a debt due the judgment debtor from the garnishee; and, *service of the garnishment upon the garnishee is a warning to the garnishee not to pay the debt but to answer the garnishment and hold the fund subject to the orders of the Court.*

*Dexter Ridge Shopping Ctr., LLC v. Little*, 358 S.W.3d 597, 605 (Tenn. Ct. App. 2010) (quoting *Meadows v. Meadows*, No. 88–135–II, 1988 WL 116382 at *3 (Tenn. Ct. App. M.S., filed Nov. 2, 1988)); *accord Stonecipher v. Knoxville Savs. & Loan Assoc.*, 298 S.W.2d 785, 787 (Tenn. Ct. App. 1956) (emphasis added). The proper means of attaching the debtor's property is prescribed by Tenn. Code Ann. § 29-7-103(a) as follows:

> Attachment by garnishment is effected by informing the debtor of the defendant, or person holding the property of the defendant, that the property in the defendant's hands, or the hands of the person holding the property of the defendant, is attached, and by leaving with the defendant or such other person a written notice that the defendant or such other person is required to appear at the return term of the attachment, or before a judge of the court of general sessions, at a time and place fixed, to answer such questions as may be asked the defendant or such other person touching the property and effects of the defendant.

Further, "[t]he notice should also *require the defendant not to pay any debt due by the defendant, or thereafter to become due, and to retain possession of all property of the defendant, then or thereafter in defendant's custody or under defendant's control*, to answer the garnishment." Tenn. Code Ann. § 29-7-104 (emphasis added). In the present case, the garnishee Dean has raised no issue regarding either the propriety of the notice given or the content of the garnishment notice.

As we stated in *Dexter Ridge*,

-5-

If the garnishment is properly served, the garnishee must answer the garnishment, indicating any assets the garnishee holds that belong to the debtor. "If the garnishee answers the garnishment and admits a certain indebtedness to the judgment debtor, then a judgment against the garnishee in the amount of the admitted debt may be entered." **Smith v. Smith**, 165 S.W.3d 285, 293 (Tenn. Ct. App. 2004) (citing T.C.A. § 29-7-112). If there is any dispute as to the amount of the garnishee's indebtedness to the judgment debtor, or as to whether there is any such indebtedness, the trial court may receive evidence on the indebtedness of the garnishee to the debtor. If, after proper service, the garnishee fails to answer, there is a presumption that the garnishee is indebted to the debtor "to the full amount of the plaintiff's demand, and a conditional judgment shall be entered" against the garnishee. T.C.A. § 29-7-114 (2000); *see Meadows*, 1988 WL 116382, at *3.

A conditional judgment has been described as a "peculiar remedy," because it is similar to a default judgment, but it does not establish any enforceable rights. *See First Tenn. Bank Nat'l Assn. v. Warner (In re Warner)*, 191 B.R. 705, 710 (Bankr. W.D. Tenn. 1996) (applying Tennessee law in the context of a bankruptcy); *see also Meadows*, 1988 WL 116382, at *3-4. Rather, it is a threat of judgment, designed to induce the garnishee to respond to the garnishment . . . . The purpose of a conditional judgment is to give the garnishee additional time or another opportunity to answer the garnishment. *Meadows*, 1988 WL 116382, at *4. As noted by the trial court below, the conditional judgment is not intended to be punitive, but is intended to be an enforcement tool.

Upon the entry of a conditional judgment, "a scire facias shall issue to the garnishee . . . to show cause why final judgment should not be entered against the garnishee." T.C.A. § 29-7-115 (2000); *see In re Warner*, 191 B.R. at 709. If, after proper service, the garnishee fails to appear at the *scire facias* hearing, a final judgment for the debtor's entire indebtedness may be entered against the garnishee. *See* T.C.A. § 29-7-114. In sum, the garnishee is "required to respond or risk total liability." **In re Warner**, 191 B.R. at 709. "While these procedures may yield

-6-

> harsh results as to the garnishee, the harshness is ameliorated by the ease with which the garnishee may respond to the garnishment, including by a written answer." *Id.* (citing T.C.A. § 29-7-103(b)).

358 S.W.3d at 606-07.

In this case, as the trial court noted, Dean ultimately filed an answer, but not until after the conditional judgment was entered and the day of the *scire facias* hearing had arrived. Contrary to Dean's argument, however, a careful reading of the trial court's order persuades us that the trial court did not base its judgment upon the fact that the answer was untimely. Rather, the trial court considered the merits of the case and concluded that under the statutory scheme, Stocklin effectively attached the assets of the estate to which the debtor Lord was entitled as her inheritance, by properly serving the garnishment, and that Dean wrongfully disregarded the garnishment by distributing monies from the estate to Lord.

Dean argues that her answer to the garnishment stating that "[a]s of the date of service of this garnishment, Carol Dean, in her capacity as Executrix, . . . does not have in her possession or control any property, debts, or effects belonging to [Lord]" was technically correct. Dean relies on Tenn. Code Ann. § 31-2-103 (2007) for the proposition that Lord's interest in the decedent's real property technically remained in the estate, and was not "belonging to" Lord at the time of the service of the garnishment. That statute provides:

> The real property of a testate decedent vests immediately upon death in the beneficiaries named in the will, unless the will contains a specific provision directing the real property to be administered as part of the estate subject to the control of the personal representative.

The trial court, applying this statute, found that "the language of the Will before the Court makes it clear the real estate was in the hands of the estate pursuant to the terms of the Will." This is undisputed. Under the applicable statutory scheme, whether Lord's interest in the real property as a beneficiary vested immediately upon death or remained to be administered as part of the estate, the interest was attached by the garnishment, and Dean was aware of her duty "not to pay the debt but to answer the garnishment and hold the fund subject to the orders of the Court." *Dexter Ridge*, 358 S.W.3d at 605.

According to Tenn. Code Ann. § 29-7-101, "[w]here property, choses in action, or effects of the debtor are in the hands of third persons, or third persons are indebted to such debtor, the attachment may be by garnishment." Under Tenn. Code Ann. § 26-2-202,

All property, debts and effects of the defendant in the possession or under the control of the garnishee shall be liable to satisfy the plaintiff's judgment, from the service of the notice, or from the time they came into the plaintiff's hands, if acquired subsequent to the service of notice, and before judgment.

"Property, debts and effects" is defined at Tenn. Code Ann. § 26-2-201(3) to "include real estate and choses in action, whether due or not, and judgments before a court; also money or stocks in an incorporated company." In ***McKee-Livingston v. Livingston***, No. M2009-00892-COA-R3-CV, 2010 WL 204089 at \*2-3 (Tenn. Ct. App. M.S., filed Jan. 21, 2010), this Court addressed "the issue of what property is attached by a garnishment," and provided the following pertinent principles:

> This definition [found at Tenn. Code Ann. § 26-2-201(3)] indicates that a debt need not be due in order to be covered by a garnishment. Similarly, Tenn. Code Ann. § 26-2-213 provides:
>
>> If upon disclosure made on oath by the debtor it appears that the garnishee is indebted to the defendant, but that the *debt is not payable and will not become due until some future time*, then such judgment as the plaintiff may recover shall constitute a lien upon the debt until and at the time it becomes due and payable.
>
> (Emphasis added). Under Tenn. Code Ann. § 26-2-211, "[e]xecution of the garnishment judgment may be stayed until the choses in action fall due. . . ."
>
> While the garnishment statutes do not require that a debt be due and payable prior to judgment against the garnishee, the law does require that there be some existing liability or obligation, not just a contingent liability. Garnishment "can reach only debts absolutely existing, and those not subject to the happening of a future event, rendering it uncertain whether the garnishee will or will not be indebted to the defendant." [***Gray v.***] ***Houck***, 68 S.W.2d [117,] at 118 [Tenn. 1934]. When an obligation is contingent, its very existence depends upon future events. The rule has been stated: "While obligations that are certain,

-8-

although not presently due, are subject to garnishment, obligations that are contingent, in that they may never become due, are not." ***Overman v. Overman***, 570 S.W.2d 857, 858 (Tenn. 1978). Thus, for purposes of garnishment, "there is a distinction between a claim that is uncertain or contingent in the sense that it may never become due and one in which something will be due, the only contingency being the exact amount due." ***In the Matter of Anderson***, 345 F.Supp. 840, 842 (E.D. Tenn. 1972).

. . . Although we find no Tennessee law expressly addressing the issue, we consider the following general principles to be consistent with Tennessee garnishment statutes and caselaw:

> Where there is no contingency as to the garnishee's liability, the only contingency being as to the amount thereof, and where the amount of the liability is capable of definite ascertainment in the future, there is no such contingency as prevents garnishment of the claim, even though . . . it may be that eventually it will be found that nothing is due.

Moreover, a "garnishee's otherwise certain liability is not made uncertain because the obligation may be diminished or defeated by a condition subsequent."

(Footnote and internal citations omitted.)

Under the will, Lord's inheritance was one-third of the estate, the total amount of which was valued by the probate petition at approximately $170,000. Dean filed the probate petition on June 1, 2012, 19 days before the garnishment notice was served upon her. The primary asset of the estate was the deceased's real property, a residence that sold for $136,000 on October 10, 2012. Although the precise amount of Lord's inheritance was uncertain, there was no contingency or uncertainty about Lord's claim and entitlement to her interest in the estate. Consequently, Lord's interest was attached by the garnishment. Despite this, Dean undisputedly distributed monies from the estate to Lord between the time of the garnishment notice and Dean's answer. The distributions easily exceeded the amount of Stocklin's valid judgment against Lord.

Dean has no claim of surprise or ignorance of the garnishment.  It is undisputed, and apparently was stipulated to the trial court, that Dean's attorney, Buddy Presley, Jr., acknowledged receiving the notice and told Stocklin's attorney that the estate had sufficient funds to satisfy Stocklin's judgment and would pay it.  In Dean's answer to Stocklin's interrogatories, responding to the question "[w]hat did Buddy Presley tell you about the garnishment?" Dean stated: "He informed Karen [Lord] and I [*sic*] upon receipt.  Karen agreed to pay when house sold. *By oversight, simply forgot to take out of Karen's share of inheritance*."  (Emphasis added.)  We hold that the trial court properly applied the garnishment statutes and correctly entered judgment against Dean.

IV.

The judgment of the trial court is affirmed.  Costs on appeal are assessed to the appellant, Carol Dean.  The case is remanded to the trial court for enforcement of the judgment and collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE